TOUCHSTONE ET AL. VS. HARRIS, ET AL.

.A party, who appears and contests the assessment of damages under a judgment by default, without moving the court to set aside the judgment by default, waives all defects of service, and cannot be permitted to urge such objection on appeal.

Where a bill of exceptions undertakes to state matters which properly appear of record—such as the pleadings in the cause, etc.—the record entry will prevail over a contradictory statement in the bill of exceptions; but where the record is made to assume the office of a bill of exceptions—in stating, for instance, what evidence was offered or rejected—the statement in the bill of exceptions will prevail over the record when inconsistent.

*Appeal from the Circuit Court of Drew County.*

Hon. JOHN C. MURRAY, Circuit Judge.

YELL, for the appellant.

The return of service was defective in not stating that the person with whom the writ was left was a white person over the age of fifteen years.   5 *Ark.* 505; 4 *Eng.* 20, 192.

It was error to permit the jury to assess the damages without first being duly sworn.   *Dig.* 646, *Sec.* 40.

HARRISON, for the appellee.

When there is an inconsistency between the record entry and the bill of exceptions, the entry will prevail.   1 *Ark.* 360 ; 8 *Eng.* 482.

Mr. Justice COMPTON delivered the opinion of the Court.

This was an action of assumpsit brought by Harris & Levi against Touchstone and others.

At the return term judgment by default was entered against

the defendants, which, however, was afterwards set aside, on motion of the plaintiffs, they having discovered that there was no service of process as to one of the defendants. A discontinuance was entered as to the defendant not served, and judgment by default again rendered against the other defendants. The record entry then continues as follows : " And because said damages are unliquidated, it is ordered that a jury come to assess the same, whereupon comes a jury of good and lawful men, to wit, Larkin Skinner and eleven others, who, being duly elected, empanneled and sworn to well and truly assess the damages herein, after hearing the evidence adduced, the argument of counsel, and the charge of the court, retire to consider of their verdict," etc.

The jury assessed the plaintiff's damages at $5166 70 ; and it appears from the bill of exceptions, as also from several record entries in the cause, that the defendants appeared and contested the assessment of damages, excepted to the decision of the court overruling their motion for a new trial, and appealed.

It is urged in argument here, that the service of the writ as to one of the defendants against whom judgment by default was rendered, was defective. Conceding the service not to have been sufficient to warrant the judgment, by subsequently appearing and contesting the assessment of damages without moving the court to set aside the judgment by default, the defendant waived the defective service, and so of the other irregularity complained of as occurring prior to the rendition of the judgment. The defendants being in court, if they desired to plead to the action, they should have taken such steps as would have enabled them to do so. If, on motion and for good cause shown, the court had refused to set aside the judgment by default, the defendants would be in an attitude in this court to complain that they had been injured.

It is also insisted, that the jury were not sworn to assess the damages. It appears from the statement in the record entry above quoted, that they were, and the bill of exceptions states,

that they were not. Which is to prevail? When the bill of exceptions undertakes to state matters which should properly appear of record, such as the pleadings in the cause, or the like, a statement in the record entry should prevail over a contradictory one in the bill of exceptions; but where the record is made to assume the office of a bill of exceptions in stating, for instance, what evidence was offered or rejected, the statement in the bill of exceptions will prevail. *Lyon vs. Evans* 1 *Ark.* 360; *Rogers et al. vs. Diamond* 13 *Ark.* 482–3. In this case the swearing of the jury was matter which should properly appear of record, and consequently the record entry must prevail.

There was no objection made, in the court below, to any of the evidence introduced, and, of course, none can be entertained here, nor will we review the testimony, there being no total want of evidence to support the verdict of the jury. Finding no error in the record, the judgment must be affirmed.