83  415|
50a 461|

PATRICK RYAN

*v.*

JAMES DRISCOLL.

1. SERVICE—*sufficiency of jurat to return by special deputy.* Where a summons is served by a special deputy sheriff, who signs the sheriff's name by him as special deputy, and immediately follows a jurat of a notary public, "subscribed and sworn to before me this," etc., it will be sufficient, and it will be presumed that the deputy was the party who was sworn to the return.

2. SAME—*waiver of defects in return.* If a defendant, after default, appears on the assessment of damages, participates in selecting the jury, cross-examines witnesses, offers evidence and asks an instruction, he will waive all objections to the service of the summons or return of service.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was an action of trespass, by James Driscoll, against Thomas Malony and Patrick Ryan, for shooting and wounding the plaintiff. Malony was not found. The plaintiff's damages were assessed at $225. The other material facts appear in the opinion.

Mr. JOHN LYLE KING, for the appellant.

Mr. JOHN P. ALTGELD, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question in the present case is, does the record show that the defendant was in court, so as to be bound by the judgment rendered against him?

The summons, it is claimed, was served by a special deputy. The appointment follows the form prescribed by the statute, and the return is indorsed on the summons in the words and figures following:

"Served the within writ, on the within named Patrick Ryan, on the 18th day of May, A. D. 1874, by reading the same to him, and delivering to him a true copy thereof. The other defendant not found in my county.

"T. M. BRADLEY, *Sheriff*,
"By J. T. GLEESON, *Special Deputy.*"

"Subscribed and sworn to before me this — day of May, A. D. 1874.

[SEAL.]                    "W. C. MINARD, *Notary Public.*"

Subsequent to the return day of the writ, judgment by default was entered against the defendant, and afterwards plaintiff served notice on the defendant, that on a day therein named he would move the court to assess his damages. At the day named in the notice, the defendant, as well as the plaintiff, appeared by counsel, a jury was empanneled, in the selection of which defendant's counsel participated; witnesses were sworn and examined on behalf of plaintiff and cross-examined by defendant's counsel; evidence was offered on behalf of defendant, and his counsel moved the court to give a

certain instruction to the jury on his behalf, which the court gave.

It is insisted the jurat of the notary public is insufficient to show that the return was sworn to by the special deputy, and *Hochlander* v. *Hochlander*, published in the "Chicago Legal News," vol. 8, p. 200, is cited in support of the objection. Since the opinion was filed in that case and published in the "Legal News," we have had occasion to reconsider the portion quoted by counsel, and have modified the opinion by striking it out. See case as reported in 73 Ill. 618.

We are of opinion that the jurat of the notary is sufficient. The reasonable implication from it is, that the deputy making the return is the party who was sworn, and that he was sworn to the return at the time of making it.

Moreover, if the defendant had intended to make objection to the return, he should have done so at the time damages were assessed, before empanneling the jury. By appearing, participating in the selection of the jury, cross-examining witnesses, offering evidence, and asking instructions to the jury, he must be held to have waived all objection to the service of the summons. It would be trifling with the court to allow a party to thus appear and participate in the assessment of damages, and at the same time withhold, until such time in the future as might suit his pleasure, any objection which, if then urged, would have terminated the proceeding.

Believing there is no substantial error in the record, the judgment must be affirmed.

*Judgment affirmed.*