## McCarthy *v.* McCarthy et al.

**Partition.**—*Complaint.*—*Review of Judgment.*—*Blank.*—A petition for partition alleged, that on the —— day of——, ——, a certain person died intestate, seized in fee-simple of a tract of land particularly described, leaving the petitioner and certain of the defendants named, his children, and the remaining defendant named, his widow, surviving him, and averring that the children were equal owners thereof, subject to an alleged life-estate in one-third, in the widow.

*Held,* on demurrer to a complaint to review the judgment and proceedings in such partition suit, that the petition for partition was sufficient.

Same.—*Failure of Guardian ad Litem to Answer.*—The fact that a guardian *ad litem,* appointed in such partition proceeding, for an infant defendant, failed to file any answer as such, is not ground for review by an adult defendant.

Same.—*Appearance.—Process.— Waiver.*—Where an adult defendant, on the sheriff's return of served " by copy," was defaulted, an appearance by such defendant to object to the report of sale of the lands in question, without a subsequent withdrawal of such appearance, amounted to an appearance in full to the action, and was a waiver of proper service.

Same.—*Interlocutory Order of Partition.*—An interlocutory order appointing commissioners to make partition, without any particular finding that partition should be made, though informal, was sufficient.

Same.—*Appraisement.—Notice of Sale.— Waiver.*—A statement in the commissioner's report of sale, that the sum for which the land was sold exceeded two-thirds of its appraised value, justifies the inference that the land had been properly appraised, and, no objection having been made on that ground, or on the ground that too much time had elapsed between the notice of sale and the sale, those irregularities were waived.

Same.—*Name.*—Appearance by a defendant properly served, without objecting that he is sued by a name other than his own, waives objection on that account.

From the Switzerland Circuit Court.

*T. Livings,* for appellant.

*J. A. Works, J. D. Works, F. Adkinson* and *W. D. Ward,* for appellees.

Niblack, J.—In this case it is shown, that, on the 3d day of October, 1871, Timothy McCarty filed in the Switzerland Circuit Court his petition against Catharine McCarty, Joseph McCarty and Mary McCarty, alleging that one Jeremiah McCarty had died seized in fee-simple of a certain forty-acre tract of land in Switzerland county, and left the said Mary McCarty as his widow, and the said Timothy, Catharine and Joseph as his only children, surviving him ; that the said Mary was, as such widow, entitled to one-third part of said tract of land during her natural life, and that the said Timothy, Catharine and

Joseph were each the owners of one undivided third part of said land, subject to said widow's interest, and praying partition of said tract of land amongst the parties according to their respective interests therein.

At the next term of said court a default was entered against the said Mary and Joseph McCarty, and William R. Johnston was appointed guardian *ad litem* for the said Catharine, who was a minor, and ruled to answer. The summons issued in the cause was returned as follows:

" Served, as commanded, by reading to and in hearing of Catharine McCarty and Joseph McCarty, October 9th, 1871; served on Mary McCarty, by copy, same day.

" MATTHEW WORSTELL,
" Sheriff of Switzerland County,
" By T. P. WORSTELL, Deputy."

Johnston, as such guardian *ad litem*, afterward appeared to the action, and, a jury being waived, an order was made appointing commissioners to make partition between the parties, according to their respective interests as set forth in the plaintiff's petition.

These commissioners afterward reported that the land was not susceptible of partition without damage to the owners, and a commissioner was appointed to make sale of the land, so that the proceeds might be divided between the parties according to their respective interests. This latter commissioner in due time reported that he had sold the land to one John DeHart for the " sum of twelve hundred dollars, that being more than two-thirds of the appraised value of said real estate," which report was approved by the court, and, the record says, " To which approval the said Mary McCarty excepts in all things."

The record also informs us that the following further proceedings were had :

" Come the parties, and the court orders, that, after the payment of costs herein, the money paid into the hands of the clerk of this court, at the March term, 1873, shall be

distributed as follows: To Mary McCarty, the widow, one-sixth, and the remainder to be divided equally between Timothy McCarty, the plaintiff, and the defendants Joseph McCarty and Catharine McCarty."

This action was brought by the above named widow, under the name of Mary McCarthy, to review the proceedings above set forth.

A demurrer was sustained to the complaint, and there was final judgment upon demurrer, from which this appeal is prosecuted.

Numerous objections are urged to the proceedings sought to be reviewed, but we think they may be fairly transposed and stated as follows:

1. That the complaint was insufficient to authorize or support the proceedings had upon it;

2. That no answer was filed by Johnston, as guardian *ad litem* for Catharine McCarty, to the petition for partition;

3. That the return to the summons did not authorize a default to be taken against the appellant;

4. That there was no proper interlocutory order of partition;

5. That it was error to confirm the report of sale of the land, because there was no appraisement of the land before it was sold;

6. That it was also error to confirm the report of sale, because it was shown by the report that the land was not sold until thirteen days after the last notice was given;

7. That the appellant was described in all the proceedings by the name of McCarty, when her true name was McCarthy.

We will consider the objections in the order stated as above.

1. Very singularly, as it appears to us, a blank was left in the day, month and year, in the averment in the complaint as to the time of Jeremiah McCarty's death, but

McCarthy v. McCarthy et al.

the complaint gave a description of the land, of which partition was desired, and set forth the rights and titles therein of the parties respectively. That we regard as a substantial compliance with the statute. 2 R. S. 1876, p. 344, sec. 2. The facts being given in a petition for partition, the court can judge whether the parties are joint tenants, tenants in common, or tenants in coparcenary.

2. The appellant alleges nothing showing that she was injured in any way by the failure of Johnston to file an answer as guardian *ad litem* of her codefendant Catharine McCarty. We therefore see no cause that she has to complain of such failure. Catharine has since intermarried with one John DeHart and no complaint is made by her, or on her behalf.

3. In our opinion the record of the partition suit shows an appearance by the appellant to the action, at the time the report of sale was acted upon and approved by the court. Her appearance as there stated was a waiver of any objection she might have made to the return of the sheriff to the summons.

4. The interlocutory order was not as formal in all respects as it might have been, but no substantial objection to it is pointed out and we see none.

5. We think the language used in the report of sale justified the inference that the land had been appraised before it was sold, and as the appellant is shown to have appeared to that report, without having excepted to it for want of an appraisement, she must be held to have waived any right she might otherwise have had to review of the proceedings, if in fact there was no appraisement.

The appellant, having appeared to the action when the report of sale was made, must be regarded as having been present during the subsequent proceedings—her appearance not having been afterward withdrawn—and as the order for the distribution of the proceeds, set out as

above, does not represent her as having made any objection to the final disposition of the cause, she must now be considered as having acquiesced in any irregularity there may have been, if any, concerning the appraisement of the land.

6. For reasons similar to those just given, we are not required to consider the objection to the sale arising out of the alleged lapse of time between the last notice and the time of the sale.

7. We need not inquire whether, for some purposes, there may not be a material difference between the names of McCarty and McCarthy. The appearance to the action by the appellant, without objection to the name by which she was sued, was a waiver of any subsequent objection for that cause. In that connection see sec. 100, 2 R. S. 1876, p. 83, which provides for the substitution of the correct name when a party is sued by the wrong name. No sufficient reason has been shown for a reversal of the judgment.

The judgment is affirmed, at the appellant's costs.