Blakely *v.* Boruff.

———◆———

BLAKELY *v.* BORUFF.

No 7467.

PLEADING.—*Can not be Double.—Answer —.Counter- Claim.*—A pleading can not perform the double function of both answer and counter-claim.

PARTITION.—*Complaint.—Surplusage.*—It is not necessary, in a petition for partition, to specifically set forth the manner in which the parties derived title to the lands sought to be partitioned, but the averment that the plaintiff and defendant are the owners and tenants in common, stating the interest of each therein, is sufficient on demurrer.

SAME.—*Answer.*—An answer to a petition, by a widow, for partition of her third of her deceased husband's lands, which admits that the lands were

owned by the husband, but does not aver that she had conveyed her interest in the lands in suit, or that it had been sold away from her by legal process, is insufficient on demurrer.

SAME.—*Counter-Claim.*—*Incumbrances.*—The payment of incumbrances on lands of a debtor, by a purchaser thereof at a judicial sale subject to such incumbrances, does not constitute a proper counter-claim against a petition by the widow of the debtor for partition of such lands.

From the Monroe Circuit Court.

*J. B. Mulky, R. A. Fulk* and *F. Wilson,* for appellant.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

NIBLACK, C. J.—This action was brought by Olive Boruff, against William Blakely, to obtain partition of certain real estate.

The complaint averred that the plaintiff and defendant were the owners and tenants in common of two tracts of land in Monroe county, one containing eighty acres and the other fifty acres; that the plaintiff owned one undivided third part of said tracts of land, and the defendant two undivided third parts thereof; that the plaintiff was the widow of Thomas Boruff, deceased, who, in his lifetime, was the owner of said lands, and obtained her title under the statute of the State of Indiana; that the defendant obtained his title by purchase and conveyance, and that such lands could not be divided without injury to the owners thereof.

The defendant demurred to the complaint, but his demurrer was overruled.

The defendant then answered, admitting that the plaintiff was the widow of Thomas Boruff, deceased, and that the said Thomas was the owner of the lands described in the complaint; that said lands were conveyed to the said Thomas by one Lewis H. Butcher and his wife, on the 24th day of April, 1876, but were at the time subject to the payment of certain mortgages previously executed by the said Butcher and wife, to wit: One on the eighty-acre

tract, to Julia M. Wylie, guardian, for $202 ; another on the eighty-acre tract, to John Shroyer, for $1,000 ; and still another on the fifty-acre tract, to Ellen Huff, for $177.10 ; that on the 9th day of May, 1877, the said Thomas J. Boruff and the plaintiff, as his wife, executed a mortgage on the fifty-acre tract, to Joseph D. Handy, for $110 ; that on the 11th day of July, 1877, the said Thomas J. Boruff filed his voluntary petition in bankruptcy, in the District Court of the United States for the District of Indiana, and was by said court, on the 19th day of September, 1877, duly adjudged a bankrupt, one Robert Anderson being appointed his assignee in bankruptcy ; that at the September term, 1877, of the Monroe Circuit Court, the said Julia M. Wylie and John Shroyer obtained decrees of foreclosure on their respective mortgages on the eighty-acre tract embraced therein ; that afterward, and before sales were made upon such decrees of foreclosure, the U. S. District Court ordered the said Anderson, as such assignee, to sell both of the tracts of land, the eighty-acre tract free from incumbrances, and the fifty-acre tract subject to the incumbrances upon it ; that at a public sale of said lands, made by the assignee in pursuance of said order, the defendant became the purchaser of both of said tracts, the eighty-acre tract for $1,600, out of which sum the decrees of foreclosure against it were paid, and the fifty-acre tract for $351, subject to the mortgages upon it, which were afterward, on the 14th day of February, 1878, paid off and discharged by the defendant ; that the defendant had afterward paid certain arrearages of taxes on both tracts of land.

Wherefore the defendant prayed that both tracts might be sold, and that out of the proceeds he might be reimbursed for the amounts paid in discharge of all the mortgages, and for the taxes paid by him, the remainder only to be divided between him and the plaintiff.

The defendant further answered in general denial of the complaint.

The plaintiff demurred to the first paragraph of the answer, and her demurrer was sustained.

After hearing the evidence, the court found that the plaintiff was the owner in fee simple of one undivided third part of the lands in controversy, and that the defendant was the like owner of the remaining two-thirds, and that partition ought to be made between the parties. Also, that partition of such lands could not be made without injury to the owners thereof.

A motion for a new trial being first denied, the court ordered a sale of the lands, and appointed a commissioner to make the sale.

Although several errors are assigned, the only ones discussed in such a way as to require us to consider them are:

First.    Upon the overruling of the demurrer to the complaint;

Second.    Upon the sustaining of the demurrer to the first paragraph of the answer.

It is urged against the validity of the complaint, that it did not aver that Thomas J. Boruff died seized of the lands of which partition was demanded, nor otherwise specially set forth the manner in which the plaintiff derived her alleged title to such lands.

But it did aver that the plaintiff and defendant were the owners and tenants in common of the lands; she being the owner of one-third part thereof, and he of the other two-thirds. That was quite sufficient. 2 R. S. 1876, p. 257, sec. 626, p. 343, sec. 1; McCarthy v. McCarthy, 66 Ind. 128; Godfrey v. Godfrey, 17 Ind. 6. That portion of the complaint to which the appellant's objection applies was consequently mere surplusage, and hence immaterial.

The first paragraph of the answer appears to have been intended as both an answer and a counter-claim.

It has been frequently decided by this court, that such a double function can not be performed by a single plead-

ing. *McCardle* v. *Barricklow*, 68 Ind. 356; *Schee* v. *Mc-Quilken*, 59 Ind. 269. That paragraph did not aver that the appellee had, in any manner, conveyed away her inchoate interest in the lands in suit, or that such inchoate interest had been sold away from her by any legal proceedings. It was therefore bad as an answer.

As a counter-claim, it did not make out a case for affirmative relief in favor of the appellant. It showed him to have been a purchaser of both of the tracts of land at a judicial sale, subject to certain incumbrances; that the incumbrances on the eighty-acre tract, for some reason not fully explained, were discharged out of the proceeds of that tract; that, in accordance with what would seem to have been the terms of his purchase, and for the protection of his own interests, he paid and discharged the mortgage liens on the fifty-acre tract.

We know of no principle on which the payment and discharge of any of these incumbrances could have been made a proper counter-claim against the appellee's interest in the lands. We see no error in the record. *Richmond* v. *Marston*, 15 Ind. 134; *Roberts* v. *Shroyer*, 68 Ind. 64.

The judgment is affirmed, with costs.