Pipes *et al. v.* Hobbs.

---

No. 9457.

## PIPES ET AL. *v.* HOBBS.

PARTITION.—*Complaint.*—*Title.*—A complaint for partition complies with the statute (R. S. 1881, section 1187,) requiring the rights and titles of the parties to be stated, if it avers that the plaintiff and defendants

Pipes *et al. v.* Hobbs.

are the owners in fee simple and tenants in common of the real estate (described); that the plaintiff is the owner in fee simple of the undivided one-fourth, and the defendants of the remaining three-fourths thereof.

SAME.—*New Trial as of Right on Payment of Costs.*—In partition, prior to the act of 1881, where there was no pleading seeking to recover possession or quiet title, a new trial as of right on payment of costs was not given.

From the Pike Circuit Court.

*E. A. Ely* and *C. H. Burton*, for appellants.

*J. H. Miller* and *E. P. Richardson*, for appellee.

BLACK, C.—The appellee sued the appellants, James Pipes and Joseph E. Pipes, for partition of land.

The complaint alleged "that plaintiff and the defendants are the owners in fee simple and tenants in common of the following real estate," etc., describing certain land in Pike county, in this State; " that the plaintiff is the owner in fee simple of the undivided one-fourth interest in value of said real estate, and the defendants to the remaining three-fourths interest in value of said land. Wherefore plaintiff demands judgment for partition of said real estate, and for all other relief."

Joseph E. Pipes did not appear, and was defaulted. James Pipes answered by a general denial, and by a second paragraph, in which he alleged that partition of said real estate ought not to be made, for the reason that, before the appellee ever claimed any interest in said land, the appellant James, as the appellee well knew, purchased the undivided one-fourth in value thereof from Asahel Pipes; that the only title claimed by appellee is, as in his complaint alleged, for a like interest therein, which he claimed to have purchased from said Asahel, on the 16th of January, 1879; that appellant James made his said purchase on the 30th of December, 1878, and, on the same day, paid said Asahel the purchase consideration therefor in full; that said James, at the time, was the owner of one undivided ·half in value thereof, by purchase from a former owner, as appellee well knew; that the entire and only interest in said land at any time held, owned or claimed by

said Asahel, was only the undivided one-fourth in value, and was and is the same interest now claimed by the appellee; "that said Asahel Pipes, on the day aforesaid, to wit, the 14th of January, 1879, agreed to execute and deliver to him, this defendant, a good and sufficient warranty deed for his said interest in said land, and did, at the time, put him, this defendant, in full possession thereof; that he has ever since been and still is in possession thereof;" that appellee, at the time of his pretended purchase, well knew that appellant James had bought the interest of said Asahel, and was in full and peaceable possession thereof, with the knowledge and consent of said Asahel, and by his act; that said Asahel neglected to execute to him a deed for his said interest, though requested so to do, and, fraudulently colluding with the appellee, made a pretended sale thereof, and executed a pretended deed of conveyance to the appellee, for the fraudulent purpose, as the appellee well knew, of cheating appellant James out of the consideration so paid for his said interest; that, for the purpose of defrauding appellant James, the appellee accepted said deed and brought this suit; "that his co-defendant, Joseph E. Pipes, does not seek or desire a partition of said lands; that plaintiff's title thereto is void, and does not entitle him to such partition, for the reasons above set forth. Wherefore this defendant prays judgment."

The appellee replied to the second paragraph of answer by a general denial.

There was a trial by jury; the verdict was for the appellee, and upon it the court awarded interlocutory judgment, and appointed commissioners, who, at the next term, made their report, which was confirmed, and final judgment of partition was rendered accordingly.

The appellant James Pipes, within a year afterward, made his motion in writing for a new trial as a matter of right, which was overruled.

This appeal is prosecuted by said James Pipes, who has

served notice thereof upon said Joseph E. Pipes, for whom no appearance has been made.

It is assigned as error, that the complaint did not state facts sufficient to constitute a cause of action; also, that the court erred in overruling the motion for a new trial as of right.

The statute, 2 R. S. 1876, p. 344, section 2, requires that an application for partition of lands shall be by petition, "setting forth a description of the premises, and the rights and titles therein of the parties interested."

It is objected to the appellee's complaint, that in stating the rights and titles of the parties interested, the share of the defendants, and not the interest of each defendant, was stated. It is contended that if the individual share or interest of any defendant be not stated, it should be alleged to be to the plaintiff unknown.

The statute provides that "the court shall award an interlocutory judgment that partition be made to parties who may desire the same, specifying therein the share assigned to each, * * and the residue of the premises shall remain for the persons entitled thereto, subject to a future partition." Section 9, 2 R. S. 1876, p. 345.

The court needs to know the interests or shares so far as to be able to specify them in making the partition,—the portions that are to be set off, each to the owner or owners thereof desiring partition, and the residue, which is not to be partitioned among its owners, must be known.

When there are two or more defendants, and the complaint has described the premises and the plaintiff's right and title therein, showing the share which he desires to have assigned to him by partition, it is a sufficient further compliance with the statute to set forth the rights and titles of the parties interested in the residue of the premises as one share owned by them all, leaving the parties entitled to such residue, each of whom should be best qualified to state his individual interest, to seek partition for themselves. If one of such defendants desire that his individual share be set off to him, he has an

interest in having the record to indicate that share, and he may state it in his own pleading.

No useful purpose can be subserved by the greater strictness contended for by the appellant.

The complaint is said to be defective in the statement of the titles of the parties. It is claimed that whether or not parties are tenants in common, is a question of law, to be determined from the facts, and it is contended that the complaint should state the facts, showing the plaintiffs and defendants to be tenants in common.

It is a general principle of pleading, under the code, that ultimate, issuable facts should be pleaded, and that evidential facts and conclusions of law should not be pleaded. It is not always easy to determine whether a particular allegation is a statement of an ultimate fact or of a conclusion of law. It is somewhat a question of precedent and analogy.

Reason and precedent uphold the form of allegation adopted by the appellee. It was not necessary to show the facts of the derivation of the titles of the parties. *Blakely* v. *Boruff*, 71 Ind. 93. The complaint was sufficient.

It is not sought in any pleading, by any party, to recover possession of real estate, or to determine and quiet the question of titles. The only issue presented or sought to be presented by the pleading was, whether or not there should be partition of the real estate described. For such an issue, a new trial could not be had as of right upon the payment of costs. *Harness* v. *Harness*, 49 Ind. 384; *McFerran* v. *McFerran*, 69 Ind. 29.

The effect of the amendment of 1881, R. S. 1881, section 1071, is not considered, the proceedings below having transpired before its adoption.

This not being a case in which a new trial could be obtained as of right upon the payment of costs, it is not necessary for us to decide a dispute as to whether, upon the hearing of the application for a new trial, the costs were shown to have been paid.

The judgment should be affirmed.

PER CURIAM.—It is, therefore ordered, upon the foregoing ·opinion, that the judgment be and the same is hereby affirmed, at the costs of the appellants.