### TISDALE v. RIDER et al.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1907.)

**1. APPEARANCE—AFTER JUDGMENT—EFFECT.**

The defect in a judgment decreeing a wife separation from her husband and awarding her a weekly allowance, by reason of there having been no personal service on him, giving jurisdiction of him authorizing the money judgment, is cured by his subsequent appearance under a petition with her to have the judgment set aside in consideration of an assignment by him to her.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appearance, §§ 154–159.]

**2. FRAUDULENT CONVEYANCES—CONSIDERATION.**

A wife obtained a judgment decreeing separation from her husband and awarding to her a weekly allowance for support and maintenance. This not being paid, she instituted sequestration proceedings, in which a certain fund belonging to him was sequestered and payment therefrom of the allowance ordered. Thereafter, on their joint petition, founded on the assignment by him to her of such fund, such judgment and order were set aside. *Held*, that though there was no personal service on him in the separation proceedings, so as to give jurisdiction authorizing the money judgment, yet, this defect in the judgment being cured by his appearance under their joint petition, her permission of the cancellation of the judgment and order was a valuable consideration, which would support the assignment of the fund to her as against his creditor; the fund being of such size only that it would have soon been consumed in paying the allowance made her.

Appeal from Equity Term, Erie County.

Action by George P. Tisdale against Martin Rider and others. From a judgment dismissing the complaint after trial, plaintiff appeals. Affirmed.

The action is by a judgment creditor of Martin Rider to set aside an assignment from said Rider to his wife, the respondent, on the ground that the same was made in fraud of his creditors. The facts were stipulated on the trial. The Riders were married in 1879 in the state of New York, and lived together in this state as husband and wife until in the year 1900. There were two children of the marriage, one a minor at the time of the judgment hereinafter described. In March, 1900, Rider abandoned his wife, and in October, 1904, she commenced an action of separation against him in this state on the ground of abandonment. The summons was served upon Rider pursuant to an order for publication. He did not appear, and judgment was obtained by default January 19, 1904, decreeing a separation from bed and board, and awarding to the wife for her support and maintenance $260 annually, in weekly payments of $5 each, from the date of the entry of the judgment. The decision of the court and judgment entered recite that there were "due proof of the service of the summons on said defendant," and his default. The plaintiff in that action was unable to collect the allowance awarded to her, and commenced sequestration proceedings to reach a legacy of upwards of $1,500, the money to pay which was then in the custody of the defendant Seymour Rider, as executor of Addison Rider, deceased, who was the donor. The order of sequestration was entered in March, 1905, and a receiver appointed of the property sequestrated. The receiver was directed to pay the costs in the sepa-

ration action and the allowance for support and maintenance, and during his administration of the receivership, in pursuance to the order, he paid costs, the arrears of the alimony, and the weekly allowance as it matured, in all about $400. The order of sequestration was personally served upon the executor, and it enjoined him from disposing of the legacy, except to the receiver, until the further order of the court. In February, 1906, Rose and Martin Rider met in Buffalo and entered into an agreement whereby the wife agreed to live with her husband and to cause the separation judgment and the Sequestration order to be vacated. In consideration of the vacation of said judgment and order and the renewal of their marital relations, the said Martin Rider by an instrument in writing formally assigned to his wife the amount of the legacy unpaid, and directed the executor to pay the same to her. The executor before the commencement of this action complied with said order , the extent of paying to the wife $1,000, which she invested in purchasing a home. The parties then joined in a petition to the Supreme Court asking that the separation judgment and sequestration order be set aside, and an order was granted conformably to the petition.

In 1890 the plaintiff had recovered a judgment in Supreme Court against Martin Rider for $153.27, which was unpaid. In 1906 an action was commenced on this judgment, and judgment was rendered. There was also another judgment, recovered in 1891 and sued over in 1906, which was assigned to the plaintiff before the commencement of this action. It is stipulated that Rose Rider did not know of the existence of the claims which were the foundation of the judgment, and also that there was no intent on her part, in accepting the benefits of the assignment of the legacy, to hinder or defraud the creditors of her husband; nor did she know that he was actuated by any such intent. It was further stipulated "that the defendant Rose E. Rider has been continuously a resident of the state of New York from the time of the marriage to the time of the rendering of the judgment; that the defendant Martin Rider deserted the defendant Rose E. Rider within the state of New York; that no question has been raised by the plaintiff in this action as to the jurisdiction of the court or to the regularity of the judgment of separation or the order of sequestration, except as the same is affected by the fact that the defendant Martin Rider was not personally served with the summons or notice, and was only served by publication, and did not appear in the separation action, otherwise than above stipulated."

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Manly E. King, for appellant.
Asher V. Emery, for respondent Rose E. Rider.

SPRING, J. The appellant's counsel impugns the validity of the judgment awarding alimony to the wife on the ground that the husband was not personally served with the summons. Although the judgment recites that it was awarded upon the "due service of the summons," we will assume that no jurisdiction was acquired of the defendant in the separation action authorizing the recovery of the money judgment. The service by publication was sufficient to decree a separation, and the husband was the only person interested in the avoiding of the judgment requiring him to pay the weekly allowance for the maintenance of his wife, and he never questioned its verity. After the order, in the sequestration proceedings, and after $400 had been paid from his property pursuant to that order, he voluntarily joined with his wife in the petition asking the court to set aside both the judgment and order. The request for this remedy was not founded on their invalidity, or on the defective service of the summons in the separation action, but upon the assignment which is now chal-

lenged by the plaintiff. He therefore appeared voluntarily, recognizing the verity of the judgment, and his general appearance and his submission to the jurisdiction of the court for the purpose of procuring the satisfaction of the judgment and order cured whatever vice there may have been in the incidental part of the judgment charging him with the payment of alimony. Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332.

The judgment in the separation action contained the provision that the "parties may at any time hereafter by their joint petition apply to this court to have this judgment modified or discharged." Pursuant to this authority the parties did appear to secure its discharge upon facts which must have satisfied the court that it was advisable and beneficial to the parties interested to vacate the judgment. Had they appeared and asked for a modification of the judgment changing the weekly rate to be paid by Rider, he would have been effectually foreclosed thereafter from repudiating the judgment for the reason that he was not personally served with process in this state. He could not both recognize and disavow the judgment. Certainly his judgment creditors would not stand in a better situation than Rider himself to nullify the judgment.

It is contended that the assignment of the bequest must be based on a valuable consideration, and none existed. The record shows, as already stated, that Mrs. Rider had no knowledge of the obligations of her husband to the plaintiff, and had no intent to hinder, delay, or defraud his creditors in accepting the property assigned to her. The stipulation is, however, that, while the transfer to the wife did not take all his property, there was not sufficient remaining to pay his debts in full. We will therefore assume that she must establish that there was an adequate consideration for the assignment to uphold it. Starin v. Kelley, 88 N. Y. 418; Wadleigh v. Wadleigh, 11 App. Div. 367, 97 N. Y. Supp. 1063.

We think she has fully met this burden. She was 48 years of age at the time of the transfer to her, and her life expectancy was $22\frac{1}{2}$ years. She had already received, by virtue of the judgment and sequestration proceedings for her maintenance and costs, $400. She had a right to believe that the weekly payments would continue to be made for her support as long as the funds lasted, and if she lived out her expectancy the entire legacy would be paid to her long before she reached that period. We cannot assume, for the purpose of enabling the judgment creditor to deprive her of the benefit of this assignment, that the judgment would have been vacated. It was valid on its face. It had been operative for her benefit, and the husband seemed willing to ratify it. It was a valuable asset to her. This judgment and the sequestration order she permitted to be canceled as a consideration for the assignment to her. She did not do this until her husband, by uniting with her in the petition, acknowledged its validity. The judgment vested a substantial property right in her, which became fixed and effective as a lien upon the bequest by the sequestration order and the appointment of the receiver, with the direction to pay her the arrears of alimony and the weekly allowance. Livingston v. Livingston, 173 N. Y. 377, 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep.

600.  This property right she relinquished, taking other property in its stead.

The appellant's counsel urges that the judgment for alimony was not a debt.   In Romaine v. Chauncey et al., 129 N. Y. 566, 29 N. E. 826, 14 L. R. A. 712, 26 Am. St. Rep. 544, relied upon for this proposition, a judgment creditor of the wife attempted to reach alimony allowed to her in a decree dissolving the marriage contract.   The debt of the judgment creditor was contracted prior to the granting of the decree. The court held that the allowance for maintenance was not a debt amenable to the payment of the obligation created before the alimony was awarded.   It further held that the allowance was a continuance of the general duty of the husband to support his wife, "changed into a specific duty over which, not he, but the court, presides."   Further, if the judgment creditor were permitted to seize upon the allowance, the decree of the court would be perverted and the "humane intent of the law" destroyed.   The court did not hold that the allowance for support was not a property asset and capable of constituting a valuable consideration.   In Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390, and which is similar to other cases cited on appellant's brief, the husband, who was chargeable with the payment of alimony by the decree of divorce, by his discharge in bankruptcy claimed he was released from the payment for the support of his wife and children.   The court held that the judgment for alimony was not a provable debt within the meaning of section 63a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]), and that the payment of the alimony was merely the performance of a duty imposed upon the husband by law to provide for his wife and children, and such duty would not be terminated by the discharge in bankruptcy.

It is not important what name is attached to the judgment directing the husband to pay the specific sum by the week or month to his wife to provide for the sustenance of herself and children.   It is an ascertained sum, and will purchase commodities, and is tangible, and will afford a good consideration for what it represents.   It may be, if the property assigned had been manifestly disproportionate to the respondent's interest in the bequest, a court of equity would set aside the transfer on the ground that the transaction was in fraud of the rights of the creditors of the husband.   In this case the payment of the $260 annually would in a few years consume the entire legacy, so what she surrendered was equivalent to the amount transferred to her.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs.   All concur.