## *Ex parte* THOMPSON.

## Opinion delivered April 20, 1908.

1.  JUSTICE OF THE PEACE—FINDINGS OF FACT.—Kirby's Digest, § 6213, providing that "upon trials of questions of fact by the court it shall state in writing the conclusions of fact found separately from the conclusions of law," does not apply to the judgments of justices of the peace. (Page 73.)

2.  CERTIORARI—JUDGMENT OF JUSTICE OF PEACE.—In considering the validity of a judgment of a justice of the peace on certiorari, the reviewing court should not consider any evidence imported into the judgment of the justice in the shape of findings of fact as the basis of his decision. (Page 73.)

3.  CONSTITUTIONAL LAW—AGREED STATEMENTS.—The constitutionality of acts of the Legislature or of Congress fixing or attempting to fix the boundary lines of the State will not be determined upon an agreed statement of facts, however sincerely or honestly made. (Page 74.)

Certiorari to Sebastian Chancery Court; *J. Virgil Bourland,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

On the 6th of February, 1908, James P. Barry filed an affidavit before John Danner, a justice of the peace of Upper Township, Sebastian County, alleging that Clint Thompson had, on the 5th of February, committed the crime of disturbing the peace. A warrant for his arrest was issued to the constable of the township, and he was arrested, and his trial set for February 7th. On the 7th the case was tried before the justice on a plea of not guilty, and a plea to the jurisdiction of the court, and the justice made the following findings:

"That said offense was committed in that part of the said State and added to said State by an act of Congress approved February 11, 1905, and by the act of Legislature of said State of Arkansas entitled 'An act extending the western boundary of the State of Arkansas over a strip of the Choctaw Nation between the Arkansas line and Poteau River adjacent to Ft. Smith, approved February 16, 1905.' The court doth find that said offense was committed, and said strip is within the jurisdiction of said court; therefore, the plea of the defendant to the judisdiction of the court is overruled by the court, and the

court, being well and sufficiently advised as to all the matters of law and facts therein, doth find the said defendant guilty, and doth assess a fine of $55."

Following which is a judgment in ordinary form for the fine and costs, and that the defendant be committed to the county jail until the above fine and costs are paid according to law. A commitment to the jailer of Sebastian County was issued, and Clint Thompson was imprisoned in the jail of said county. On the same day of his conviction, Thompson filed a petition for habeas corpus before the Hon. J. V. Bourland, chancellor, in which he set forth that he was illegally restrained of his liberty by the jailer of Sebastian County, under said judgment and commitment, which judgment he claimed was void on the ground that the justice of Upper Township was without jurisdiction over the place where the offense was alleged to have been committed, said place not being a part of the State of Arkansas; the allegation being that the act of the General Assembly of Arkansas referred to in the judgment was unconstitutional, and that the act of Congress referred to had been repealed. This petition was demurred to by the attorney for the jailer, upon the ground that the court was without jurisdiction to try the matter presented, and that the petition did not state facts sufficient to constitute a cause of action. The cause came on to be heard before the chancellor upon the petition and demurrer, and an agreed statement of facts which was as follows:

"It is agreed by counsel in the above case that the acts for which petitioner was convicted was committed on a strip of land adjacent to the city of Ft. Smith, Arkansas, and lying between the original western line of said State and the Arkansas and Poteau rivers, and is included and embraced in the lands described in the act of Congress of February 11, 1905, and the act of the General Assembly of Arkansas of February 16, 1905.

> "Tom W. Neal,
> "T. S. Osborne,
>         "Attorneys for Petitioner.
> "W. H. Rector,
>         "Asst. Prosecuting Atty. for
>             12th District of Arkansas.

The chancellor denied the writ, and Thompson seeks to reverse his action by certiorari.

*T. S. Osborne* and *Tom W. Neal,* for petitioner.

1. The writ of certiorari is the proper procedure in this case. 45 Ark. 158; 48 Ark. 283; 81 Ark. 504.

2. The strip of land where the offense is alleged to have been committed is not, in contemplation of law, a part of the State of Arkansas. Art 1, Const. (Ark.) 1836; art. 1, Const. (Ark.) 1861; *Id.* 1864; *Id.* 1868; *Id.* 1874; 5 U. S. Stat. at Large, 50-52; 7 *Id.* 311; *Id.* 234; 30 *Id.* 497, § 9; 33 *Id.* 714. The act of Feb. 16, 1905 (Acts 1905, p. 124, § 1) was void, the Constitution of 1874 having fixed the permanent boundaries of the State. Art. 1, Const. 1874; 8 Barb. (N. Y.) 186; 20 N. Y. Supp. 157; 65 Hun, 194; 6 Words & Phrases, 5310; 1 Bryce, American Commonwealth, 2 Ed., 422; 6 Am. & Eng. Enc. of L. 890; 1 Ark. 27; 2 Dallas (U. S.) 204.

3. The criminal laws of the State can have no extra-territorial force. 5 Ark. 409; 17 Ark. 561; 30 Ark. 41; 22 U. S. 362.

4. The writ of habeas corpus was the proper remedy. Kirby's Digest, § 3864; Black's Const. Law, 51, § 22; 75 Ark. 542; 45 Ark. 283; 48 Ark. 158; 100 U. S. 375; 1 Bishop's New Crim. Law, § 1410, par. 3 and 7; Church on Habeas Corpus, 2 Ed. § 83; 9 Am. & Eng. Enc. of L. 213, *et seq.;* 12 Wall. (U. S.) 458; 3 Dallas (U. S.) 411; 40 Ark. 501; 26 Ark. 545.

*William F. Kirby,* Attorney General, and *W. H. Rector,* for respondent.

1. The object of the writ of habeas corpus is to liberate those who may be imprisoned without sufficient cause, and to deliver them from unlawful custody. 48 Ark. 289. This writ can not be made a substitute for *quo warranto,* writ of error or appeal. 100 U. S. 375; 110 U. S. 651. The justice of the peace was at least acting with *de facto* jurisdiction; and, keeping in mind the distinction between acts creating offenses and acts granting jurisdiction or certain powers to courts, the question of constitutionality can not be raised in this proceeding, but only by the commonwealth. 29 Pa. 129; 15 Am. & Eng. Enc. of L. 155; Church on Habeas Corpus, § 256 *et seq.;* 49

N. J. 326; 16 Ia. 369; 48 Ark. 289; 13 Col. 525; 173 U. S. 453; Chase's Dec. 364; 122 Mass. 445; 139 U. S. 504; 6 Sup. Ct. 1121; 76 Wis. 357; 76 Wis. 365; 62 Wis. 154; 5 Fed. 899; 87 Am. St. Rep. 198; 21 O. St. 610; 24 Wend. 539; 36 Conn. 422; 14 Wis. 164; 17 Wis. 521; 49 Ark. 443; 4 Ark. 582.

2. The fixing of boundaries is a political and not a judicial function. 2 Pet. 254; *Id.* 710; 5 Pet. 46; 12 Pet. 511; *Id.* 520; 1 How. 303; 11 Wall. 611; 10 Otto 490; 72 Fed. 1006; 11 N. H. 17; 61 Me. 184; 3 R. I. 127; 58 Tex. 228; 44 Tex. 393; 3 Dana 489; 23 Minn. 40; 64 Tex. 233; 143 U. S. 638. If the act of the Legislature in question is contrary to the State Consittution, which is not conceded, then the State Constitution is itself repugnant to the Federal Constitution. Compare art. 1, Const. 1874 with art. 4, § 3, Fed. Const.; art. 6, § 2, Fed. Const.

HILL, C. J., (after stating the facts.) Petitioner seeks through a writ of certiorari to reverse a decision of a chancellor denying him the writ of habeas corpus. A judgment of a justice of the peace of Upper Township of Sebastian County was sought to be declared void upon the ground that the justice had found petitioner guilty of a crime committed without his jurisdiction. It appears from the finding of fact inserted by the justice in his judgment and in the agreed statement of fact made by counsel on the trial before the chancellor that the jurisdiction of the justice over the place where the crime was committed depended upon the constitutionality of an act of the General Assembly of February 16, 1905, entitled "An act extending the western boundary of the State of Arkansas over a strip of the Choctaw Nation between Arkansas State line and Poteau River adjacent to Fort Smith," Acts of 1905, p. 124; the contention being that said act is in conflict with article 1 of the Constitution of 1874, which reads as follows: "We do declare and establish, ratify and confirm the following as the permanent boundaries of the State of Arkansas," therein describing the boundaries.

Before the court should decide this question, there should be a record here that properly calls for a decision of it. It has been earnestly insisted that the judgment upon its fact shows that the justice was without jurisdiction, and that the judgment,

being void upon its face, can be attacked by habeas corpus. This contention is bottomed upon the theory that the act of the General Assembly and the act of Congress are without effect. Does this record call for a decision of this question?

Sec. 6213 of Kirby's Digest, provides: "Upon trials of questions of fact by the court, it shall state in writing the conclusions of fact found separately from the conclusions of law." When the circuit court tries facts without a jury, it has frequently been decided that its findings of fact, made pursuant to this statute and recited in the judgment, present questions of law for review here without the aid of a bill of exceptions. On such appeal the question is, accepting the facts as found, does the judgment rendered logically follow? *Smith* v. *Hollis,* 46 Ark. 17; *Bradley* v. *Harkey,* 59 Ark. 178; *Springfield F. & M. Ins. Co.* v. *Hamby,* 65 Ark. 14; *Webb* v. *Kelsey,* 66 Ark. 180. No case is found where a finding of fact by a justice of the peace, incorporated into his judgment, has been held to have the same effect as the finding of fact by the circuit court incorporated in a judgment in order that it may be reviewed on appeal. In fact, from the very nature of it, this section and such practice can not apply to judgments of justices of the peace. On appeal from them, the trials are *de novo* and not upon error, and no reasons exist for the preservation of their findings of fact in the judgment or by bill of exception, and it is unauthorized by law and contrary to usual and orderly practice. When a justice does make such unauthorized recitals, they have no probative force. The principle governing such unauthorized recitals is stated in *State* v. *Johnson,* 38 Ark. 568: "Evidence can not be imported into the record of the judgment. Its recitals of what appeared to the satisfaction of the court stated only the conclusion of the court upon the evidence, and is merely explanatory of the grounds of the judgment or order." This was said of a judgment of a circuit court into which was attempted to be imported the evidence upon which the judgment rested. *A fortiori,* the judgment of a justice of the peace can not be strengthened or weakened by importing into it the evidence upon which the justice acted.

The principle announced in *State* v. *Johnson* is well supported by prior and subsequent decisions of this court; *Cox* v.

*Garvin,* 6 Ark. 431; *Touchstone* v. *Harris,* 22 Ark. 365; *Hall* v. *Bonville,* 36 Ark. 491; *Smith* v. *Hollis,* 46 Ark. 17; *Bradley* v. *Harkey,* 59 Ark. 179.

Therefore, in considering the record, the court should not consider any evidence imported into the judgment of the justice in the shape of findings of fact as the basis of his decision. Disregarding the justice's finding of fact, then, the evidence relied upon is found in the pleadings and agreed statement of counsel.

In the case of *Powell* v. *Hays,* 83 Ark. 448, the court decided an act of a co-ordinate department of the government to be void upon the allegations in the petition and response. These allegations, however, were sustained by the oral testimony of distinguished witnesses in which there was no conflict as to essential facts, and also by record evidence from the office of the Secretary of State.

On rehearing, the attention of the court was sharply drawn to the necessity of determining whether a statute is law or not law according to the very truth of the case, and not according to shifting circumstances which might in one instance make a statute a law and in another instance make the same act not a law. Although the court had considered that matter, and had found that the facts alleged in the pleadings were proved to be the truth, yet, realizing the force of the suggestions made, the court decided not to rest the decision upon admissions in pleadings alone, although so strongly fortified, and placed the ground of decision upon the record evidence also, in order that a precedent be not made of deciding the validity of statutes upon agreed statements or admissions in pleadings.

In that case the court fully approved the principles announced in *Chicago & G. T. Ry. Co.* v. *Wellman,* 143 U. S. 339, the following extracts from which are pertinent here: "Whenever, in pursuance of an honest and actual antagonistic assertion of rights by one individual against another, there is presented a question involving the validity of an act of any Legislature, State or Federal, and the decision necessarily rests on the competency of the Legislature to so enact, the court must, in the exercise of its solemn duties, determine whether the act be constitutional or not; but such an exercise of power

is the ultimate and supreme function of courts. It is legitimate only in the last resort, and as a necessity in the determination of real, earnest and vital controversy between individuals. * * * We do not mean to insinuate aught against the actual management of the affairs of this company. The silence of the record gives us no information, and we have no knowledge outside thereof, and no suspicion of wrong. Our suggestion is only to indicate how easily courts may be misled into doing grievous wrong to the public, and how careful they should be not to declare legislative acts unconstitutional upon agreed and general statements, and without the fullest disclosure of all material facts." See *La. & Ark. Ry. Co.* v. *State,* 85 Ark. 12.

The application of these principles to the case at bar makes it plain that it is not the duty of the court in this proceeding to determine so grave a question as the constitutionality of acts of the Legislature or Congress, fixing or attempting to fix the boundary line of the State, upon an agreed statement of facts, however sincerely and honestly made.

The judgment denying the writ of habeas corpus is affirmed.

McCULLOCH, J., (dissenting.) I am of the opinion that if the strip of territory has not been legally annexed to the State of Arkansas and to Upper Township in Sebastian County (which question we have not considered), the judgment of the justice of the peace is void, and can be so declared in the *habeas corpus* proceeding, because it shows on its face that the alleged offense was not committed within the jurisdiction of the court. The whole record of conviction properly comes before the court on the hearing of the petition for *habeas corpus,* and it shows on its face that appellant was convicted of the commission of the act in the territory described. If the territory is foreign to the limits of the State, it is the same as if the judgment had recited that the offense had been committed in some other State or some other county, beyond the jurisdiction of the court.

I think, therefore, that the other questions in the case are properly before us, and that we should determine them.

Mr. Justice BATTLE concurs herein.