JOHN AHERNE, *Appellee*, v. THE WAKEENEY LAND AND
INVESTMENT COMPANY, *Appellant*, and W. H. CRA-
MER, *et al., Appellees.*

No. 16,509.

SYLLABUS BY THE COURT.

1. PUBLICATION SERVICE—*Age of Affidavit When Order is Pro-
cured—Validity of Judgment.* An affidavit, such as is pre-
scribed by chapter 326 of the Laws of 1905, was presented to
the district court for the purpose of obtaining an order to
serve defendants by publication. The court, after examina-
tion of the affidavit, found it ,in all respects in compliance
with the law, and thereupon made the order. Notice by pub-
lication was given in accordance with such order, and at the
proper time a decree to quiet title was entered against all the
defendants, upon default. Thirty-seven days intervened be-
tween the date when the affidavit was sworn to and when the
order was made. *Held,* that this lapse of time alone does not
make the decree void.

2. JURISDICTION — *Waiver — Proceedings to Vacate Judgment.*
Where a judgment has been entered in an action against de-
fendants over whom the court did not have jurisdiction, and
such defendants voluntarily request the court to open such
judgment under section 77 of the code (Gen. Stat. 1901,
§ 4511) and permit them to plead in the action, which request
is granted, and the pleadings are filed and the issues made
thereby are litigated by such parties, all questions of juris-
diction are thereby waived and the parties are in court for all
the purposes of the action.

Appeal from Kearny district court; WILLIAM H.
THOMPSON, judge. Opinion filed May 7, 1910. Af-
firmed.

*Lee Monroe,* and *George A. Kline,* for the appellant.

*R. L. Holmes,* and *Charles G. Yankey,* for the ap-
pellees.

The opinion of the court was delivered by

GRAVES, J.: An action to quiet title was commenced
in the district court of Kearny county, October 11,
1905, by John Aherne, who was in possession and

claimed title under a conveyance from F. C. Puckett, who held a tax deed to the land. James M. Mason owned the fee title. He had executed a promissory note for the sum of $600 to A. C. Wilcox, and secured it by a trust deed to the premises, in which trust deed E. Heliker was named as trustee. The note was transferred by Wilcox to the WaKeeney Land and Investment Company. In the action to quiet title there were numerous defendants, and many tracts of real estate. Service upon all the defendants was made by publication notice, under the provisions of chapter 326 of the Laws of 1905. The plaintiff caused an affidavit to be prepared in accordance with the requirements of this statute; the affidavit was sworn to September 17, 1905, and the plaintiff presented it to the court October 24, 1905, and obtained an order of the court which reads:

"Now, on this 24th day of October, 1905, this cause comes on for hearing upon the application of the plaintiff for an order for service by publication herein and presents to the court his petition against the above-named defendants, and also presents to the court an affidavit of said plaintiff showing that each and every one of the above-named defendants are necessary parties defendant in the above-entitled action and that the unknown heirs and devisees and the unknown administrators, excutors and trustees of all of said persons are necessary parties defendant in this action, which said affidavit sets forth the nature of the judgment which said plaintiff desires to have rendered against the said defendants and against the unknown heirs and devisees and the unknown administrators, executors and trustees of said defendants, and said affidavit also sets forth that the plaintiff has diligently endeavored to find the residence or place of abode of the said defendants, and each of them, and has endeavored to find whether or not the said defendants, or any of them, be alive. And also setting forth that said plaintiff has been unable to ascertain whether said defendants be alive, and the court, having inspected said affidavit, filed in the office of the clerk of the district court of this county in said action, finds and orders that the matters and things set forth in said affidavit

are true, and that the said affidavit is in due form and sets forth the facts required by statute.

"It is, therefore, by the court ordered that service by publication be made upon the said defendants and each of them, as though the said defendants and each of them were alive, and also in the alternative for service by publication upon the unknown heirs and devisees and the unknown administrators, executors and trustees of said defendants and each of them, and that said notice by publication be published in the Lakin *Investigator*, the same being a weekly newspaper printed and published in Kearny county, Kansas, and that the said notice shall be published not less than three consecutive weeks in such weekly newspaper, and that the date fixed for the answer of the defendants shall be not less than forty-one (41) days from the date of the first publication; said notice of publication to be in conformity to section 2, chapter 326, Session Laws of 1905.

"It is further ordered and adjudged that the said notice of publication on such unknown heirs and devisees and the unknown administrators, executors and trustees of the said defendants be published and embraced in the said publication as the notice of publication on the other defendants herein."

In the part of the affidavit which states the names of the defendants who were nonresidents of the state the names of A. C. Wilcox, and E. Heliker, trustee, were omitted. Publication was made as ordered by the court, the first publication being made October 27, 1905; the time for defendants to answer being on or before December 11, 1905. January 24, 1906, a decree was entered in favor of the plaintiff against all of the defendants, upon default. After the decree was entered the plaintiff sold the land to one M. L. Moore, who afterward conveyed it to W. H. Cramer. Both of these parties purchased in good faith, for a valuable consideration, and in reliance upon the decree.

On May 7, 1907, more than a year after the decree had been rendered, the WaKeeny Land and Investment Company, as the owner and holder of the note obtained from A. C. Wilcox, moved to have the decree opened and to be permitted to plead, under the provisions of

section 77 of the code (Gen. Stat. 1901, § 4511). It also moved that W. H. Cramer be made a party defendant. These motions were allowed, and both the investment company and Cramer appeared and filed answers. The investment company prayed for a judgment upon its note and a foreclosure of its trust deed. Cramer claimed to be a purchaser in good faith, relying upon the judgment in favor of his grantor, and prayed that he might be protected under the provisions of section 77 of the code as a purchaser in good faith. In this controversy the investment company insisted, and now insists, that the decree is void, for the reason that the affidavit upon which the order for publication notice was obtained is void because it was stale with age when used for that purpose. The affidavit was sworn to September 17, 1905. It, with the petition, was filed in the office of the clerk of the district court October 11, 1905. The order of the court directing publication to be made was obtained October 24, 1905. It is insisted that the statute contemplates that the order shall be made upon facts then shown to exist, and not upon facts shown to have existed thirty-seven days prior to the making of the application. Several decisions have been called to our attention which seem to hold that the date of the order, if not simultaneous with the date of the affidavit, must be as nearly so as the circumstances will permit. The statutes under which these decisions were rendered do not appear, however, to be the same as the law of this state.

The law of 1905 prescribes the facts which the affidavit shall contain, and requires the court to inspect the same carefully and cause the truth thereof to be established and its form to be such as the law prescribes. When the court, with all the facts before it, adjudicates that the affidavit, both in form and substance, is in full compliance with the law, it may make an order directing that the defendants be notified by publication, prescribing the time such notice shall be

published, when the defendants shall answer, and that the notice contain such other facts as the statute requires. When a judgment has been rendered upon service obtained in pursuance to such careful precautionary steps it should not be lightly overthrown. The court had full jurisdiction to make the order requiring service by publication, and however irregularly that jurisdiction may have been exercised the order can not be held to be void.

The question has lost much of its importance, however, since the action of the investment company (which holds the promissory note of defendant Mason, assigned to it by A. C. Wilcox, whose name was omitted from the plaintiff's affidavit in naming the nonresident defendants) and of defendant W. H. Cramer (who claims to be a purchaser in good faith of the land in controversy under the decree). These parties caused the decree to be opened up under section 77 of the code, and obtained permission to plead in the case. The investment company filed an answer and cross-petition asking for judgment upon its promissory note and a foreclosure of the trust deed. W. H. Cramer claimed to have purchased the land in good faith and in reliance upon the decree obtained by the plaintiff, Aherne, and prayed that he be protected under the provisions of section 77 of the code. The investment company by its reply challenged the jurisdiction of the court and denied the good faith of Cramer. Under these issues the sufficiency of the plaintiff's affidavit was the chief question litigated. The court held the affidavit sufficient and refused any relief. From this judgment the investment company appeals to this court.

We are unable to see any material error in the action of the court. The affidavit may have been irregular, but it was not void. The appellant is not in a very good position to complain, however, for its voluntary application to be let into the case and its filing an answer and cross-petition asking for a foreclosure of its

trust deed amounted to a complete waiver of any want of jurisdiction on the part of the court, either as to it or to W. H. Cramer, and the validity of the entire judgment is no longer assailable by the appellant.

This disposes of the case. The other questions discussed, and there are several of them, need not be considered. The judgment of the district court is affirmed.