presumes a man to intend the reasonable and natural consequences of any act intentionally done. State v. Newton, 4 Nev. 410. The presumption is, of course, one that may be rebutted. This is clearly stated in the instruction.

ON PETITION FOR REHEARING

August 12, 1929.

*Per Curiam:*

Rehearing denied.

STATE OF NEVADA EX REL. NEVADA DOUGLASS GOLD MINES, INCORPORATED, *v.* THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT, IN AND FOR MINERAL COUNTY, ET AL.

No. 2856

March 8, 1929. 275 P. 1.

*C. C. Ward,* District Attorney, and *M. A. Diskin,* Attorney-General, for Respondents:

*Cyrus A. Hovey* and *Green & Lunsford,* for Petitioner:

## OPINION

By the Court, COLEMAN, J.:

The respondent has filed a very elaborate petition for a rehearing, and, as remarkable as it may seem, the only point urged is one barely suggested on the original hearing, which is that the so-called appearance in behalf of the defendant in the lawsuit validated the judgment and sale theretofore made.

As we said in the original opinion, there was no showing that the person who filed such appearance was an officer of the company, nor is there anything to indicate that the signature is genuine. The record in this matter shows that this proceeding was instituted as the result

of an authorization by the board of directors held on October 6, 1928. The so-called appearance was after this proceeding was instituted. Certainly, in view of this situation, no serious consideration can be given the so-called appearance.

Our esteemed associate does not disapprove of the foregoing views, but is of the opinion that a rehearing should be granted on a ground not suggested by counsel for the respondents, namely, that section 5023, Rev. Laws, controls, rather than Stats. 1913, c. 76, as to the persons upon whom service of summons must be made when a corporation is a defendant. There are several objections to this view, we think. If the suggestion is sound in law, there is no reason for granting a rehearing. Such action would not result in a different conclusion as to the validity of the judgment, but merely to prolong the agony at additional expense to the litigants. It would not result in a different conclusion, for the reason that the summons in the suit was not served upon a person mentioned in section 5023, Rev. Laws.

But we think the 1913 statute controls. It was adopted subsequent to the adoption of section 5023, Rev. Laws, and pertaining to the same matter must control, where in conflict. State v. Esser, 35 Nev. 429, 129 P. 559. The mere fact that section 81, c. 177, Stats. 1925, provides that service of process shall be made in the manner provided by law for the service of civil process does not affect the situation, since the manner provided by law for the service of civil process upon a corporation is the manner provided by the 1913 act.

For the reasons given, the petition is denied.

DUCKER, C. J.: I concur.

SANDERS, J., dissenting:

On further consideration of the record in this proceeding on certiorari, I am of opinion that the petition for rehearing should be granted. The opinion sought to be reviewed (51 Nev. 206, 273 P. 659) states:

"The applicant is a Nevada corporation. Statutes of 1913, p. 65, names the persons upon whom a summons

must be served. None of the persons named in the statute was served in the action sought to be reviewed. It is true that service was made upon a person not designated in the statute, but there is no contention by counsel that service was made on any one designated by statute. In this situation the judgment is void ab initio."

I do not consider the act of 1913 to be the law applicable to the service of summons upon a corporation formed under the laws of this state, such as the Nevada Douglass Gold Mines, Incorporated, the petitioner. Stats. 1925, p. 287, c. 177, is entitled: "An act providing a general corporation law." Section 1 of the act provides:

"The provisions of this act shall apply to corporations hereafter organized in this state, except such corporations as are expressly excluded by the provisions of this act. * * * "

The Nevada Douglass Gold Mines, Incorporated, was incorporated after the approval of the act of 1925. Section 81 of the act provides as follows:

"In any action commenced against any corporation, in any court of this state, service of process shall be made in the manner provided by law for the service of civil process."

Section 81 of the civil practice act (section 5023, Rev. Laws) provides:

"The summons must be served by delivering a copy thereof attached to a certified copy of the complaint as follows:

"1. If the suit is against a corporation formed under the laws of this state; to the president or other head of the corporation, secretary, cashier, or managing agent thereof."

In view of these enactments, the statute of 1913, in my opinion, is not now applicable to service of summons on a corporation formed under the laws of this state. It is true this point is not urged in the petition herein as a ground for a rehearing, but, in view of its importance, I think our opinion should be reviewed.