# KILPATRICK ET AL. v. HORTON, RECEIVER.

RECEIVERS — COMPENSATION — ALLOWANCE — REVIEW — APPEAL AND ERROR.

1. A receiver's compensation and necessary expenses, including attorney's fees, are chargeable against the property in his hands as costs incurred in the administration of the trust.

2. In the absence of a statute prescribing a receiver's compensation, the amount thereof is allowable by the court upon the basis of what is reasonable and commensurate with the services rendered.

3. An order denying or fixing a receiver's compensation in whole · or in part is appealable.

4. The subject matter of a receiver's application for compensation is within the jurisdiction of the District Court appointing him.

5. The fact that an order allowing compensation to the receiver of a corporation was made without notice to the stockholders is not ground for its reversal on error where the complaining stockholders have been heard upon the matter of such compensation in a proceeding brought by them to · . vacate the *ex parte* order.

[Decided May 7, 1907.]                    (89 Pac., 1035.)

ERROR to the District Court, Weston County, HON. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*N. K. Griggs* and *W. S. Metz,* for plaintiffs in error.

The *ex parte* order allowing compensation to the receiver was without jurisdiction. The stockholders of the insolvent corporation were entitled to notice of the receiver's application. (Alderson on Receivers, 859; Bank v. Crysler, 67 Fed., 388; Bank v. Frankenthal, 55 Ill. App., 400; Hayden v. Trust Co., 55 id., 241; Joralman v. McPhee, 76 Pac., 922.) No exception was necessary, since the proceeding was unauthorized, and the parties were without notice. (R. R. Co. v. Wier, 135 Mo., 230; Strong v. Allen, 44 Ill., 428; Mfg. Co. v. Bank (Utah), 51 Pac., 151; *In re* Pelican Co.

(La.), 19 So., 686.) The allowance was improper because in violation of the express waiver of the receiver of more than nominal compensation. (Bassett v. Miller, 8 Md., 548; Steele v. Holliday, 18 Ore., 517 (25 Pac., 77); Polk v. Johnson (Ind.), 65 N. E., 536; McCaw v. Blewitt, 2 McCord Eq., 90.) The receiver being a stockholder, his appointment was illegal without the consent of all persons interested, and the allowance of compensation consequently illegal and void. (Polk v. Johnson, *supra;* R. S. 1899, Sec. 4055.) The allowance was grossly excessive. (Swartz v. Oil Co., 25 Atl., 1019.) The attorney fees allowed were also excessive. It was improper to allow compensation for the entire services of the receiver before the close of the receivership. (Maxwell v. Mfg. Co., 82 Fed., 214.) The allowance was made improperly without evidence or the presence of necessary parties or any intelligent investigation. This court should reduce the allowance to a nominal amount. (*In re* Angel (Mich.), 91 N. W., 611.) The receiver is not entitled to compensation for the collection of money by one previously in charge and merely turned over to him. (Atty. Gen. v. Ins. Co., 32 Hun, 223.) The order allowing compensation was a final order and reviewable. (R. S. 1899, Sec. 4247; Grant v. Court, 106 Cal., 325; Trustees v. Greenough, 105 U. S., 527; Thompson v. Lumber Co., 5 Wash., 530.) The following additional authorities support the right of the appellants to notice before the allowance of the receiver's compensation: George v. Middough, 62 Mo., 551; Pratt v. Rice, 7 Nev., 123; Chaddie v. Wolfe, 28 Ky., 670; Murray v. Tardy, 19 Ala., 713; Sturgis v. Echols, 46 Ala., 61; McLendon v. Jones, 8 Ala., 298; Doswell v. Stewart, 11 Ala., 629; Benedict v. Cozzens, 4 Cal., 381.

*Stotts & Blume* and *M. B. Camplin,* for defendant in error.

An *ex parte* order is not appealable. (State v. District Court, 52 Minn., 283; Aldinger v. Pugh, 57 Hun, 181;

Gibson v. Martin, 8 Paige, 481; Skidmore v. Davis, 10 Paige, 316; *In re* Johnson's Est., 27 Hun, 538; *In re* Dunn, 59 Hun, 626; *In re* Dunn, 37 N. Y., 802; Hyslop v. Powers, 9 Paige, 322; Savage v. Relyea, 3 How. Pr., 276; Lindsey v. Sherman, 5 How. Pr., 308; People v. Common Council, 30 Hun, 636; Ramsour v. Young, 26 N. C., 133.) The proper procedure in such case is a motion to vacate, and an appeal from the ruling on the motion. (Sheck v. Ingraham, 4 Hun, 67; 5 Hun, 397; Farmers L. & T. Co. v. R. R. Co., 1 McCrary, 352; Wooster v. Bateman, 24 N. Y. Supp., 113; Bean v. Tonnelle, 24 Hun, 353.) A receiver's compensation is a part of the costs, and taxable as such. (High on Receivers (2d Ed.), 796.) If notice was essential to jurisdiction, the subsequent appearance of the complaining parties cured the defect of want of notice. (Life Assn. v. Lempe (Kan.), 19 Pac., 337; Mayer v. Mayer (Ore.), 39 Pac., 1002; York v. York (N. D.), 55 N. W., 1095; Leake v. Gallogly (Neb.), 52 N. W., 825; Marsden v. Soper, 11 O. St., 503.) The compensation of receiver is within the discretion of the court. (State v. Bank (Neb.), 85 N. W., 391; Bank v. Badget (Wis.), 79 N. W., 21; 23 Ency. L. (2d Ed.), 1103; 2 Ency. Pl. & Pr., 92.) The discretion will not be reviewed unless it is shown to have been abused. It cannot be reviewed in the absence of the evidence. (Imp. Co. v. Bradley, 6 Wyo., 171; Schloredt v. Boyden, 9 Wyo., 392.) Notice is not jurisdictional in the allowance of a receiver's compensation. The matter having been subsequently heard on application of the complaining parties, there is no prejudice in the original order. (Thomas v. College Co. (Cal.), 43 Pac., 965; Rivers v. Olmstead, 66 Ia., 186.) The plaintiffs in error are bound by the order refusing to vacate until reversed. (Fear v. Heichert (Minn.), 24 N. W., 319; Warren v. Dick (Neb.), 22 N. W., 462; 2 Ency. Pl. & Pr., 655, 656.) No prejudicial error being shown the court will not reverse. (State v. Board, 7 Wyo., 161; Foote v. Smith, 8 Wyo., 510.)

Scott, Justice.

The Bank of Newcastle was a corporation duly created, organized and doing business under the laws of the state at the City of Newcastle, Weston County, Wyoming, and had been so engaged for many years prior to December 5, 1903. On said last mentioned day it failed and in pursuance of the statute in such case made and provided it was taken in charge by the State Examiner, and remained in his charge until March 17, 1904, when, upon petition of the Attorney General and due proceedings thereon, it was adjudged to be insolvent, and Fred Horton was appointed as receiver to take charge of all its property and to wind up its affairs upon his subscribing to and filing the oath, and the filing and approval of an undertaking in a fixed amount as prescribed by law. Horton qualified as such receiver and entered upon the discharge of his trust. He was a stockholder in the bank and before qualifying he filed a written waiver of statutory fees, in which he bound himself to abide such order as the court should make with reference to allowance of compensation for his services as such receiver. There was no objection filed with the court to his appointment at the time it was made.

Two orders were made by the court relating to the receiver's compensation: *First,* an order on September 5, 1904, allowing the receiver, upon his petition and application therefor, the sum of $1,500 as compensation. *Second,* an order made December 30, 1904, approving his report, which was filed on that day, and allowing the receiver the sum of $7,716 "as his full compensation as provided by law for services as said receiver, the court being of the opinion that said sum is equitable and just." The report showed the disbursement of the $1,500 allowed by the order of September 5, 1904, and the order approving the report was in effect a re-affirmance of that order. Other orders were made allowing attorney's fees aggregating $1,200. It appears by the record that subsequent to the expiration of the term at which those orders were made

and on August 7, 1905, Michael Riordan, a stockholder of the defunct bank, having been granted permission by the court to do so, commenced a suit against the bank and its receiver to vacate the orders fixing and allowing compensation to the receiver on the ground that they were *ex parte,* granted without notice or an opportunity to be heard, without jurisdiction, obtained by fraud, and were illegal, unjust, wrongful and grossly excessive, and prayed that he be given an opportunity to be heard upon the question of the amount if any allowance to which the receiver may be entitled. On September 5, 1905, Kilpatrick Bros., who also held stock in the bank, upon leave of the court to intervene, filed their petition in intervention, in which they alleged that they refrained from objecting to the appointment of Horton as receiver by reason of his written waiver of the statutory fee and his agreement to receive as full compensation such allowance for his services as should be fixed by the court. They attacked the validity of the orders of the court allowing compensation to the receiver and attorneys' fees on the same ground as does Riordan, and prayed that the orders be vacated and for an opportunity to be heard in regard to any compensation allowed to the receiver for his services. On September 8, 1905, the receiver filed his report, which showed the disbursements under the orders complained of. On November 4, 1905, the plaintiff and intervenors filed a joint motion to strike certain parts of the report and also their joint exceptions to various items, particularly the items for compensation and attorneys' fees, for the same reason and upon the same grounds alleged in their respective petitions to vacate and set them aside. The cases and the exceptions came on for trial on November 9, 1905, and by consent of the parties the court ordered that they be consolidated and tried together in so far as they involved the objections to the report of the receiver of the bank and the application of the said parties to vacate and set aside certain orders of the court fixing and allowing the receiver certain amounts for his own compensation and

for the attorneys' fees; and that such judgment and order as the court might make after due consideration should be entered and considered in both proceedings so far as the same should be applicable to the issues of each case, and that all issues not comprehended in the exceptions to the report and the application to vacate and set aside said court orders should be reserved and separately heard. Upon such hearing the court found that the exceptions to the report were not sustained by sufficient evidence; that the orders were made regularly and within the discretion of the court; that there was no sufficient reason shown for setting aside, vacating or modifying them, and that there was no understanding and agreement by the receiver that he would perform the duties of receiver for less than adequate consideration, and rendered judgment thereon. Plaintiff and intervenors have filed their joint petition in error, in which they assign as error the entry of the original orders allowing compensation to the receiver, and in which they do not refer to their petitions and the hearing thereon in the court below to vacate and set aside such orders. Their appeal is from the original orders independent of any proceedings subsequent to their entry.

1. The defendant in error has filed a motion to dismiss the petition in error on the following grounds: *First*, that the orders complained of are not final and, therefore, not appealable; and, *second*, that the prayer of the petitioners in error has already been carried out and the subject matter of the orders has been re-litigated in the court below as appears from the record filed herein.

The property which was the subject of the receivership was in *custodia legis*, and the receiver acted as the officer of and under the direction of the court with reference thereto. (28 A. & E. Ency. of Law, 1056.) The allowances for compensation and necessary expenses, including attorneys' fees, were costs incurred in the administration of the trust and as such chargeable against the property in the hands of the receiver. (Sec. 3101, R. S. 1899.) The

question of the amount, if any, of such allowances in the absence of a statute fixing them is within the jurisdiction of the court (High on Receivers (3d Ed.), Sec. 781), and should be judicially determined and allowed upon a basis of what is reasonable and commensurate with the services rendered and to be rendered. An order denying any compensation to a receiver or fixing his compensation in whole or in part is an appealable order. (High on Receivers (3d Ed.), Sec. 796.) It is, however, unnecessary, in view of the showing made in support of the second ground of the motion, to enter into a discussion as to how an appeal may be taken from an order allowing and fixing compensation to the receiver or in allowing other costs in the administration of the trust. Nor is it necessary to discuss and determine whether the orders complained of were void for want of jurisdiction because of no notice or opportunity to be heard in the first instance or merely voidable for irregularity. From the record before us each and all of those questions were eliminated by subsequent proceedings. There can be no question that the subject matter of the application for allowances to the receiver was within the jurisdiction of the court. (Jenkins v. Jeffrey, 3 Wyo., 369; 2 Ency. P. & P., 657; High on Receivers (3d Ed.), Sec. 781.) Such jurisdiction exists by virtue of the constitution and laws of the state, while jurisdiction in *personam* is obtained either by service of process, notice or by voluntary appearance. The statute provides that after the court had lost jurisdiction by the lapsing of the term at which the orders were made they could be vacated and set aside upon a showing of irregularity or fraud in obtaining them. Such proceeding is by petition and summons as in the commencement of an action. (Secs. 3795 and 3799, R. S. 1899.) It is also provided by Section 3800, id., that the grounds upon which it is sought to vacate and modify a judgment or order must first be tried and decided before the validity of the defense or cause of action shall be passed upon. It is further provided by Section 3801, id., that a judgment shall

not be vacated before it is adjudged that there is a valid defense to the action in which the judgment was rendered. Under these provisions of the statute Riordan instituted proceedings to vacate the orders complained of and in which proceedings Kilpatrick Bros. intervened. In those proceedings, as shown by the record, plaintiffs in error sought to vacate the orders on jurisdictional as well as non-jurisdictional grounds. In Kaw Life Assn. et al. v. Lemke, 40 Kan., 142 (19 Pac.; 337), a motion to set aside a judgment was made and the Supreme Court of Kansas said: "By their motion to set aside the judgment, upon jurisdictional as well as non-jurisdictional grounds, they waived the question of jurisdiction, and made the defendants parties to the action, and the waiver binds them to that judgment as though they had voluntarily appeared at the trial. * * * This motion brought the parties into court for all purposes and whatever defect there was in the service was cured." To the same effect is Yorke v. Yorke, 55 N. W. Rep., 1095; Burdette v. Corgan, 26 Kan., 104; and also Fee v. Big Sand Inn Co., 13 O. St., 563. In Thomas et al. v. San Diego College Co. et al. (Cal.), 43 Pac., 965, it was held that an order granted without notice was not prejudicial when a motion to set aside the order was afterward made and heard. In Rivers v. Olmstead et al., 66 Ia., 186, it was held that irregularity in granting an order setting aside a decree by default was cured by a subsequent hearing to vacate such order. It is said in 3 Cyc., at page 509: "A motion to vacate a judgment, based on the sole ground of want of jurisdiction of the person, does not constitute a general appearance; but if the motion is based upon other grounds, either alone or coupled with this, the appearance is general." Many cases are cited in support of the text. The orders upon the application of plaintiff and intervenors were opened up for the purpose of hearing the objections thereto upon the merits as well as upon jurisdictional grounds. The questions of fact were re-litigated and upon the evidence the court refused to

vacate or modify the orders. It thus appears that plaintiffs in error have had a hearing in the court below upon the matters of which they complain and that court decided adversely to them. The prayer in the petition in error is "that the orders complained of be vacated and set aside and the District Court of Weston County be directed and ordered to grant to those interested in said bank, including the petitioners, the right to be heard as to the amount of allowance to be made to said Fred Horton for his services in the said receivership." The appearance and trial of the non-jurisdictional questions in a proceeding expressly authorized by statute constituted a general appearance and the plaintiffs in error by so presenting the case to the court below waived and defeated their right to have this court direct the vacation of the orders upon the ground of jurisdictional defects in making and entering them. (2 Ency. P. & P., 653, 654, 655, 657, and cases cited.) They cannot thereafter be heard to say that the court had no jurisdiction of their persons, and the court having, upon investigation of jurisdictional as well as non-jurisdictional questions presented by them, refused to vacate and set aside the orders they are bound by that ruling until it is reversed. (2 Ency. P. & P., 654, 655.) That ruling is not assigned as error and is not, therefore, before this court for review, and plaintiffs in error have had the opportunity to be and have been heard upon the amount of such allowances. The orders complained of were merged in the order and ruling made in a subsequent proceeding after a full hearing upon the merits which was participated in by the parties and from which time they were valid until reversed, regardless of the question as to whether they were originally made with or without jurisdiction. Plaintiffs in error have made some showing as to their inability through no fault of their own to obtain a transcript of the evidence taken upon that hearing, but as the order made upon such hearing is not appealed from it is apparent that such a transcript could have no bearing upon the questions here presented.

The motion is granted and the petition in error is dismissed.

POTTER, C. J., and BEARD, J., concur.