[No. 8034.]

## BALFE v. RUMSEY & SIKEMEIER CO.

1. APPEARANCE—*Effect*—A general appearance after final judgment is as complete a confession of the jurisdiction of the court as to the person, as the like appearance at an earlier date. A general appearance, and motion to quash an execution, upon the sole ground that more than ten years elapsed between the entry of judgment and the issuance of execution, and that the judgment had not been revived, is a waiver of all defects and irregularities in the service or return of the summons.

2. ——*Whether General or Special*—Whether an appearance is general or special depends rather upon what the party demands than upon the words used. Presumptively any appearance is general. A special appearance is an appearance for the sole purpose of urging jurisdictional objections. A motion which goes to the merits, or demands relief which presupposes that jurisdiction has attached, is a general appearance, no matter what words of limitation are employed.

3. EXECUTION—*When May Issue*—Under the act of 1901 (Rev. Stat. Ses. 3609) execution may issue at any time within twenty years after the entry of the judgment. The statute applies to prior judgments against which at the time of its enactment, no statute of limitation had completed its course.

4. STATUTE—*Remedial Act · Retroactive*—The legislature may while a judgment is in full life, extend the time within which execution may issue.

5. PRACTICE IN THE SUPREME COURT—*When the Writ of Error Lies*—Error lies to review an order of the county court denying a motion to stay proceedings upon a judgment rendered for default of appearance on the ground that service of summons was in fact never had, and that the return of service was contrary to the truth. The motion must be regarded as an independent proceeding equivalent to, and a substitute for a bill in equity. The proceeding is not regarded as within the code, and sec. 433 thereof has no application.

6. JUDGMENT—*Relief in Equity*—A judgment rendered by default upon a false return of service may be assailed by bill in equity.

*Error to Denver County Court.*—HON. IRA C. ROTHGERBER, Judge.

Mr. RICE W. MEANS, Mr. BERNARD J. FORD, for plaintiff in error.

Messrs. ROGERS, ELLIS & JOHNSON, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court.

Rumsey and Sikemeier Company, defendant in error, brought suit in the county court of Arapahoe county, now the county court of the City and County of Denver, on June 6, 1893, and on the 14th day of July next thereafter recovered judgment against plaintiff in error, Patrick H. Balfe, for the sum of $841.39 and costs. From that judgment no appeal was taken, nor has there ever been any attempt to review it on error. The proceedings now under consideration were begun April 2, 1913, more than nineteen years after the rendition of the judgment assailed. On the 14th day of November, 1912, execution on that judgment was issued out of the county

court, and on the 30th day of January, 1913, plaintiff in error filed his motion to recall and quash that execution.  The motion was overruled by the county court, and error is assigned on the ruling.  Thereafter, on February 1, 1913, plaintiff in error filed a motion to vacate the judgment, stay further proceedings under it, set aside the return showing service of summons, and vacate and quash the writ of execution, on the grounds that the summons never had been in fàct served, that the return did not speak the truth, and that the judgment was entered without jurisdiction.  Thereafter a hearing, on affidavits and oral testimony was had on the motion.  The court denied the application, holding that there had been valid service.  Upon this ruling error is also assigned.  That order left the judgment rendered in 1893 in full force and effect.

The matter is here on application of plaintiff in error for a supersedeas, and upon motion of defendant in error to dismiss the writ of error.

The facts show that the plaintiff in error appeared first in the court below by motion to recall and quash the execution that had been issued, on the ground that more than ten years had elapsed between the entry of the judgment and the issuance of the execution, and that, therefore, under the limitation against the issuance of an execution after the lapse of ten years, the judgment not having been revived, it is deemed and considered in law satisfied in full, and that no writ of execution could lawfully have been issued thereon after the 14th day of July, 1903.

In this motion plaintiff in error did not question the validity of the judgment, or the sufficiency of the service of the summons, or the return, or the jurisdiction of the county court over him at the time of the entry of the original judgment. The appearance was in every respect general.  There is nothing in the motion even suggesting

a limited or special appearance. Moreover, there is nothing in the motion which the court below could have had any jurisdiction to consider upon a special appearance. The matters which the court was asked to pass upon were such as could only be considered upon a general appearance. By filing this motion and appearing generally, as he did, and failing to raise any objection to the service of the summons in the original action, or the return of the sheriff thereon, plaintiff in error waived any defect or irregularity which may have occurred in reference to such service or return.

In *Union Pacific Railway Co. v. DeBusk,* 12 Colo. 294, 20 Pac. 752, 3 L. R. A. 350, 13 Am. St. 221, the court said:

"The early decisions in this state have been uniform to the effect that by a general voluntary appearance all objections to the summons and return thereof, and to the jurisdiction of the court over the person of the defendant, are waived."

In the opinion in *Everett v. Wilson,* 34 Colo. 476, at page 480, 83 Pac. 211, it was said:

"The presumption is that any appearance is general. 2 Enc. Pl. & Pr. 632. Merely because a defendant says he enters a special appearance does not make it such. That must be determined, in part at least, by the object he has in view. A special appearance is one made for the purpose of urging jurisdictional objections. 2 Enc. Pl. & Pr. 620; 3 Cyc. 511. If a defendant separately, or in conjunction with a motion going only to the jurisdiction, invokes the power of the court on the merits, or moves to dismiss the action, or asks relief which presupposes that jurisdiction has attached, this constitutes a general appearance. 3 Cyc. 508; 2 Enc. Pl. & Pr. 626; *Bucklin v. Strickler,* 32 Neb. 602, 49 N. W. 371; *Wood et al. v. Young,* 38 Iowa 102; *Belknap v. Charlton,* 25 Ore. 41, 34 Pac. 758,

"The defendant's motion here asked for relief, which is inconsistent with his avowed object to test the jurisdiction of the court over his person, and which could be granted only after jurisdiction was obtained."

Under all the authorities there is no limitation on this rule, whether the appearance be before or after final judgment. A general appearance by defendant after final judgment waives any and all defects and irregularities in the service of summons and return, just as fully as it does where such appearance is entered before final judgment. *Barra v. People,* 18 Colo. App. 16, 69 Pac. 1074; *Gilbert-Arnold Land Co. v. O'Hare et al.,* 93 Wis. 194, 67 N. W. 38; *Crane v. Penny,* 2 Fed. 187; *McCarthy v. McCarthy et al.,* 66 Ind. 128; *Boulware v. Chicago & Alton Railroad Co.,* 79 Mo. 484; *German Mutual Farmer Fire Ins Co. v. Decker et al.,* 74 Wis. 556, 43 N. W. 500; *Rogers v. McCord-Collins Mer. Co.,* 19 Okla. 115, 91 Pac. 864; *Kilpatrick et al. v. Horton,* 15 Wyo. 501, 89 Pac. 1035.

In *Barra v. People, supra,* judgment had been taken against defendant by default. He thereafter appeared and asked that such judgment be vacated on the ground that it had been rendered through excusable neglect on his part. The court denied the motion. He then urged that the summons was invalid. It was held that by basing his motion to vacate the judgment on other than jurisdictional grounds the defendant had waived any right to question the validity of the summons, and the court said, at page 18:

"Further, we think defendant waived the right to question the summons on this ground by his general appearance in asking that the judgment be set aside on account of excusable neglect and that he be permitted to plead to the merits of the action."

In *Gilbert-Arnold Land Co. v. O'Hare et al., supra,* the supreme court of Wisconsin, at page 197, said:

"The settled rule is that, if a party desires to take advantage of want of service of process sufficient to give the court jurisdiction of his person, by moving to set aside the proceedings on that ground, he must appear specially for that purpose and keep out of court for all others. *Alderson v. White,* 32 Wis. 308. If a motion be made to set aside a judgment on a ground inconsistent with the claim that it is void for want of jurisdiction of the person, as, for instance, for irregularity in entering the judgment, or because costs are excessive, or not warranted by the pleadings, or because of some fact or facts constituting a defense, as is said in *Alderson v. White,* supra, in effect, such motion carries with it all objections to the jurisdiction of the court growing out of defective service or want of service of process on the persons of defendants making the motion."

So in this case, when plaintiff in error appeared in the court below and moved an order recalling and quashing the execution, with no suggestion that the judgment had been entered without jurisdiction over his person, or that the summons had not in fact been served and that the sheriff's return did not speak the truth respecting such alleged service, he waived those questions absolutely. In effect, he admitted the propriety, regularity and validity of the judgment, but sought to avoid its enforcement on the ground that the statute of limitations had run against it. Plaintiff in error will not be permitted, where he has thus admitted the validity of the judgment, by seeking to have its enforcement stayed, on the ground that the statute of limitations has run against it, to allege its invalidity, after having been met by an adverse ruling on his first contention. If one desires to raise a jurisdictional question, he must do so at the very first opportunity. If he appears and questions the right to have a judgment enforced upon any other grounds than that the court was without jurisdiction to

enter it, then such jurisdictional question is waived, and cannot thereafter at any stage of the proceedings be successfully urged or relied on.

The motion of the defendant to recall the execution, on the ground that the collection of the judgment under execution was barred by the statute of limitations, was properly overruled, for the statute passed in 1901 permits executions to be issued upon judgments at any time within twenty years after their rendition. The statute extending the time within which executions may legally issue was passed before the ten-year limitation, provided for in the earlier statute, had run against this judgment. A statute extending the time within which an execution on a judgment may issue is remedial, and applies to all judgments against which, at the time of its passage, as here, no limitation statute had actually run. Therefore, the execution in this case, which it was sought to recall, was lawfully issued, and the motion to quash it properly denied. *Harrington v. Anderson et al.,* 23 Colo. App. 415, 130 Pac. 616, and cases there cited.

The motion to dismiss the writ of error must, purely as a matter of practice, also be denied. The plaintiff in error has a clear right to have the judgment and finding of the county court, on his motion to stay proceedings on the original judgment, in the circumstances of this case, reviewed on error, upon the merits. This case is clearly distinguishable from the cases in which writs of error to review proceedings subsequent to judgment, under the code, have been dismissed on motion. An examination of the several records discloses that they were all cases in which the parties had appeared and were in court, and where, upon the facts, the sole remedy was by motion in the original proceedings, in which it was necessary to assign error to the main judgment itself, and bring up the whole record for review. In this case plaintiff in error never appeared in the cause, and he had a remedy, if the facts are as he alleges them to be

respecting failure of service, either by bill in equity to set aside the judgment, or by motion in the original proceedings for the like relief, independent of the code provision. *DuBois v. Clark,* 12 Colo. App. 220, 55 Pac. 750. Indeed these proceedings cannot be regarded as falling under the code, and section 433 thereof, R. S. 1908, is not involved, as it was in all of the cases cited and relied upon to support motions to dismiss. It is not sought here to review the original judgment; but rather to review the judgment of the court entered in a matter which must be regarded as an independent proceeding. It is clear that if plaintiff in error had filed a bill in equity, as he might well have done, *Smith v. Morrill,* 12 Colo. App. 233, 55 Pac. 824, and the court had denied him relief, that such judgment would be subject to review on error in this court. The motion which plaintiff in error did file must be treated as equivalent to, and a substitute for, a bill in equity, and the judgment of the court denying him the relief thus sought is reviewable here. To hold otherwise would be either to deprive plaintiff in error of a substantial right, or limit him to a bill in equity, in the strictest sense, which is so much a sacrifice of substance to form that we are unwilling to so declare. For this reason the writ of error cannot be properly disposed of on motion, but must abide a hearing on the merits.

In denying the application for a supersedeas on the ground stated, we realize that the ruling, if finally adhered to, is practically an adverse decision to plaintiff in error on the merits, and for this reason we deem it essential to announce an opinion at this time, that all parties in interest may be fully advised.

Both the application for a supersedeas and the motion to dismiss the writ of error are denied.

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.