## MORGAN et al. v. DANIELS.

No. 17790. . Opinion Filed April 10, 1928.

(Syllabus.)

**1. Receivers—When Error to Appoint Receiver Without Notice to Adverse Party.**

Where the petition for appointment of a receiver fails to state facts sufficient to show that the delay which would result in giving notice of the application to the adverse party would defeat plaintiff's rights or result in injury to him, it is error for the court to appoint a receiver without notice.

**2. Same—Error Waived by Filing Motion to Vacate Appointment and Answering to Merits and Trial of Issue.**

Where, after a receiver is appointed without notice, the defendants filed motion to vacate and also filed answers to the merits, and thereafter the issue upon the motion to vacate is tried and evidence offered by both parties, the error in making the appointment without notice is waived.

Error from District Court, Okmulgee County; Hal Johnson, Assigned Judge.

Action by Katie Daniels, nee Fixico, by Joseph Bruner, prochein ami, against V. V. Morgan and A. E. Graham, in which M. C. French and Fred E. Storm were appointed receivers. From an order overruling defendants' motion to vacate said appointment of receivers, defendants appeal. Affirmed.

McCrory & Monk, W. C. Alley, and Rainey, Flynn, Green & Anderson, for plaintiffs in error.

Ames, Lowe & Cochran and Whipple & Rosenbloom, for defendant in error.

MASON, V. C. J. Katie Daniels, nee Fixico, a full-blood Creek Indian, was adjudged an incompetent by the county court of Okmulgee county, in the year 1915, and various persons acted as her guardian, after which V. V. Morgan and A. E. Graham were appointed and acted as joint guardians of her estate until March 27, 1924, when they both resigned. On the same date, V. V. Morgan was appointed as guardian, and thereupon he qualified and acted as such until the 20th day of May, 1926, when an order was made wherein Katy Daniels, nee Fixco, was found to be a mentally competent person, and said order undertook to restore her to competency and terminate the guardianship proceedings.

Thereafter, on May 31, 1926, Katie Daniels, nee Fixico, joined by her husband, John Daniels, and March Monday, a relative, filed

in the district court of Okmulgee county a verified petition, in which they set out the foregoing facts and further alleged that on the date of said order restoring Katie Daniels to competency and terminating the guardianship, the said V. V. Morgan and A. E. Graham, by false and fraudulent representations, procured said Katie Daniels to execute and deliver to the said V. V. Morgan a trust deed to all her property, valued at several hundred thousand dollars, and it was alleged that said deed was presumptively fraudulent by reason of being executed to her guardian on the day that such guardianship proceedings terminated. Plaintiffs prayed that the court appoint some suitable person as her prochein ami to prosecute an action against V. V. Morgan and A. E. Graham to cancel said deed of trust and to require said defendants to account for the manner in which they had handled her estate during the period of time they had it under their control. Attached thereto was a copy of the petition which Katie Daniels desired to file through said prochein ami against said defendants.

The court, on said date, May 31, 1926, entered an order appointing Joseph Bruner as prochein ami for Katie Daniels, nee Fixico, and authorizing the filing of the petition against Morgan and Graham. Thereafter, on the same date, and pursuant to said order, Katie Daniels, nee Fixco, by Joseph Bruner, prochein ami, commenced this action against Morgan and Graham. The two causes were consolidated by the court under the number and style of the latter case.

The petition in the latter case, as supplemented by an amended petition, alleged in substance that the defendants, Morgan and Graham, and other persons unknown to the plaintiffs, had entered into a conspiracy to defraud the plaintiff out of her property. The petition then contained many allegations of specific acts of said defendants to support such conclusion, which, for the purpose of this appeal, need not be set out herein.

The relief sought by the plaintiff was (1) the cancellation of the deed of trust; (2) that defendants be required to account for their acts while Morgan was guardian of plaintiff's estate and Graham was his attorney; and (3) that a receiver be appointed to take charge of said property pending the litigation.

Upon the same day the petition was filed and without notice of any kind or character to the defendants, the court appointed M. C. French and Fred E. Storm as receivers of the property involved, with directions to take possession thereof.

The defendants, on June 9, 1926, filed a motion to vacate the order appointing said receivers, and on June 17, 1926, filed demurrers to the plaintiff's petition, which demurrers were overruled on June 25, 1926, after which defendants filed their answers on June 14, 1926. Thereafter, the motions to vacate the order appointing receivers were presented to the court, on September 7, 1926, at which time both parties offered evidence, after which the court entered its order refusing to vacate said appointments, from which action of the court this appeal is prosecuted.

In the meantime, the issues joined by said answers were tried out in the district court and judgment rendered which is pending on appeal in this court as cause No. 19024, Katie Daniels, nee Fixico, v. Morgan.

It is urged that the action of the court in appointing said receivers was erroneous because it was made without evidence and upon a petition which was verified only on information and belief and without notice to the defendants and prior to the time that the petition was actually filed in the clerk's office. The petition failed to state facts sufficient to show that the delay which would result in giving notice of the application to the adverse parties would defeat plaintiff's rights, or result in injury, and under such circumstances it was error for the court to appoint a receiver without notice. Pyeatt v. Prudential Insurance Co., 38 Okla. 15, 131 Pac. 914; Union State Bank v. Mueller, 68 Okla. 152, 172 Pac. 650.

The record discloses that the petition had been verified before the court clerk at the time the receivers were appointed, but that the court clerk, through an oversight, failed to affix and sign her jurat, but during the course of the hearing her attention was called to this fact and the court permitted her to affix her signature at that time.

In Union State Bank v. Mueller, supra, the court, in considering the question herein presented, in the body of the opinion, said:

"Plaintiffs in error, however, are not in position to urge this objection, because after the appointment was made they filed motion and amended motion to vacate the appointment, and also filed answer to the merits and offered evidence in support of the issues made upon the amended motion to vacate, and thereby entered a general appearance in the action and tried out the issues on their merits. * * * The situation here presented is similar to that where a party

against whom a decree has been rendered without service or process files a motion to vacate the same upon nonjurisdictional as well as jurisdictional grounds, where it is held that the party enters a general appearance, and that the court acquires jurisdiction to make an order overruling said motion to vacate. Chicago, R. I. & P. R. Co. v. Austin, 63 Okla. 169, 163 Pac. 517."

Under the foregoing authority, we must conclude that when the defendants filed answers to the plaintiff's petition they thereby entered their appearance and the errors complained of, relative to appointing said receivers, were waived and the trial court did not err in refusing to vacate the order appointing said receivers.

As above stated, the case has been tried on its merits in the lower court and is now pending on appeal in this court, but the questions there presented are not involved herein, nor necessary to a determination of this appeal.

The judgment of the trial court is affirmed.

PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.