BEALE, RESPONDENT, *v.* LINGQUIST ET AL., APPELLANTS.

(Nos. 6,925 and 6,997.)

(Submitted September 20, 1932. Decided November 3, 1932.)

[15 Pac. (2d) 927.)

*Mr. F. W. Mettler,* for Appellant, submitted a brief; *Mr. E. G. Toomey,* of Counsel, argued the cause orally.

*Mr. Raymond T. Nagle* and *Mr. William B. Jones,* for Respondent, submitted a brief; *Mr. Nagle* argued the cause orally.

HONORABLE JEREMIAH J. LYNCH, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

This is an action brought by plaintiff against the defendants, Frank W. Lingquist and Marguerite Lingquist, to foreclose a mortgage. The complaint which was filed on August 16, 1930, alleges in substance that on October 1, 1919, the defendants executed to the plaintiff their promissory note of this date, for the sum of $10,000, payable within two years, with interest at the rate of eight per cent. per annum, payable semi-annually; that at the same time and to secure the payment of the note the defendants gave to the plaintiff a mortgage of certain real property situate in Lewis and Clark county; that the note not having been yet paid and the plaintiff and defendants being desirous of extending the time for payment thereof, it was agreed between them in writing on June 20, 1929, that the defendants would forthwith pay to the plaintiff the sum of $500 to be applied on the interest then due and would on or before the 20th of each and every month thereafter pay him the sum of $100, the same to be applied on the interest first, and, in case of a balance, on the principal next; that in the event the payments are made as specified or within three days after they become due, the time for the payment of the note shall be extended three years from June 20, 1929, but, if the payments are not so made, the plaintiff shall have the option of immediately proceeding to foreclose the mortgage; that the sum of $100 was paid regularly each month until January, 1930, when nothing was paid; that the sum of $100 was paid on February 15 and the sum of $30 on August 12, 1930, after which no further payments were made; that on October 31, 1929, plaintiff made and filed an affidavit for renewal of the mortgage; that there has been paid on the note a total of $7,875.72 and no more; that the mortgaged property will not sell for enough to pay

the amount due on the note; and that a receiver is necessary to take charge of the same and collect the rents and profits arising therefrom. The complaint ends with a prayer for judgment in the sum of $9,500 with interest and for other relief appropriate to the nature of the action, including the appointment of a receiver to collect the rents and profits accruing from the premises involved.

The answer of the defendants, filed on February 10, 1931, in effect admits all the foregoing allegations except those relating to the insufficiency of the mortgaged property and the necessity of appointing a receiver for the same. By way of affirmative defense it is further set forth in the answer that on July 17, 1930, the plaintiff for a valuable consideration agreed in writing with the defendants to waive all payments that were delinquent prior to that date and to accept the sum of $30 as payment for the month of July, and the sum of $30 as payment for the month of August, 1930, and the sum of $100 as payment for each succeeding month, that thereafter, and in conformity with said agreement, the defendants paid the plaintiff $30 for said month of July, and, after the filing of the complaint herein, $30 for said month of August; and that, if the action had not been brought and a receiver of the property appointed, the defendants would have been able to pay $100 for the month of September, 1930, and $100 for each month thereafter.

The reply admits the defendants paid the plaintiff $30 on or about August 12th and $30 on or about August 30, 1930, but denies all the other allegations contained in the affirmative defense.

On August 25, 1930, the district court, following a hearing in the absence of the defendants, appointed a receiver to care for and manage the mortgaged property and to collect and receive the rents, incomes and profits therefrom during the pendency of the action. A motion on the part of defendants to vacate the order appointing a receiver was heard on September 16, 1930, and was by the court denied on March 26, 1931.

The district court tried the case without a jury and found generally for the plaintiff and entered its decree accordingly. The defendants have appealed from the order denying their motion to vacate the order appointing a receiver and also from the judgment of foreclosure. On the application of respondent the court heard both appeals together.

The motion to vacate the order appointing a receiver was based on the grounds that the court was without jurisdiction to make the order; that no sufficient application for the order was made to the court; that the evidence offered in support of the order was insufficient; that the order was made through the inadvertence, mistake, and excusable neglect of defendants; that the order does not follow the language of the notice of application, or the allegations or prayer of the complaint; that the mortgage as set forth in the complaint is not the true contract between plaintiff and defendants; and that there has been no breach of the mortgage contract actually existing between them.

At the hearing of the motion the defendant Frank W. Lingquist was the only witness. He testified in a general way about repairs and improvements made on the buildings covered by the mortgage, his efforts to secure and retain tenants, and correspondence betweeen plaintiff and him regarding payments of principal and interest which the former claimed were overdue. He also testfied that, because copies of the complaint, summons, and notice of motion for the appointment of a receiver were fastened together when served on him, he did not read the last-mentioned paper at all; that he assumed he would not be required to do anything to protect his interests until the lapse of almost twenty days; and that he first learned of the appointment of a receiver through reading a newspaper. The witness gave no testimony tending to show the value of the mortgaged property at the time of the hearing or at the time suit was brought, and, indeed, the motion as made was not broad enough for that. Neither did he give any testimony to show that payments had been kept up according to the agreement of June 20, 1929. Instead, he

offered in evidence two letters from himself to the plaintiff, one dated July 12th and the other dated August 16, 1930; a letter from the plaintiff to him, dated July 17, 1930, and two canceled checks for $30 each, drawn by him in favor of the plaintiff and dated, respectively, August 6, 1930, and August 16, 1930, presumably in an attempt to show, as appellants state in their brief, "that plaintiff had granted defendants an extension of time for making payments and this time had not expired at the time plaintiff filed his suit."

When the action was begun the plaintiff was, and ever since has been, a resident of the state of California. The motion of plaintiff for the appointment of a receiver "to collect the rents, issues and profits" of the mortgaged premises was noticed for August 25th, at 10 A. M., and the notice itself was served on the defendants on August 19, 1930. In their brief they devote much space to the claim that they were not given the ten days' notice of hearing required by section 9774, Revised Codes of 1921. If, for the sake of argument, we concede they were entitled to such notice, then, in order to avail themselves of the situation thus created, it was incumbent upon them to appear specially by challenging the right of the court to make the order of appointment because it did not have jurisdiction of their persons at the time the order was made. (*State ex rel. Bingham* v. *District Court,* 80 Mont. 97, 257 Pac. 1014; 4 C. J. 1316.) By asking for relief on nonjurisdictional as well as jurisdictional grounds they made a general appearance. (*State ex rel. Bingham* v. *District Court,* above; *Nolan* v. *Schaetzel,* 145 Okl. 231, 292 Pac. 353; *Beam* v. *Berryman,* 146 Okl. 94, 293 Pac. 550; *Kilpatrick* v. *Horton,* 15 Wyo. 501, 89 Pac. 1035; 4 C. J. 1342.) In other words, the motion to vacate cured the want of sufficient notice in the first instance, if it was in fact insufficient, and vested the court with jurisdiction to make an order denying it. (*Kilpatrick* v. *Horton,* above; *Exchange Trust Co.* v. *Oklahoma State Bank,* 126 Okl. 193, 259 Pac. 589; *Morgan* v. *Daniels,* 130 Okl. 201, 266 Pac. 464; 4 C. J. 1353–1357.)

Appellants contend that neither the prayer of the complaint nor the application itself justifies the appointment of a receiver of the mortgaged property. With this we do not agree.

At the hearing of the motion to vacate, the burden of showing that there was no breach of the mortgage contract or that, as appellants have put it in their brief, the suit was prematurely brought rested on the defendants. (*Burgess* v. *Lasby*, 91 Mont. 482, 9 Pac. (2d) 164; 42 C. J. 507.) It cannot be said with any degree of confidence, however, that the evidence offered, including the three letters, was sufficient for that purpose. Moreover, it will be presumed that the court, in making the order of appointment, concluded the plaintiff was likely to succeed ultimately in his action. Taking the proceeding in its entirety, then, we do not think the court abused its discretion in denying the motion.

The order appealed from is affirmed.

In the brief in support of their appeal from the judgment the defendants take the position that there is only one question involved in the case and that question is whether or not, in the summer of 1930, it was agreed between the plaintiff and them that the time for the resumption of payments under the contract of June 20, 1929, would be extended to September 20, 1930. We believe the real and only question before the court is whether or not the defendants established the unadmitted allegations of their affirmative defense by a clear preponderance of the evidence. This view is borne out in a measure by the defendants themselves when they say in their brief as a part of the statement of the case, that ''the only issue arising upon the trial of the merits of the case, omitting the issues incidental to the receivership, was raised by the answer of the defendants and the reply of the plaintiff thereto.''

Let us see what the record discloses in the way of testimony having any bearing on the issues made by the pleadings. Between April 2 and June 27, 1930, plaintiff wrote several letters to the defendant Frank W. Lingquist, in which, one with another, he demanded a resumption of the interest pay-

ments, suggested a transfer of the mortgaged premises to himself in satisfaction of the debt, or threatened an early lawsuit. Nothing tangible resulted,—nothing but empty promises and pleas for more time. Writing to the defendant from San Diego, California, finally on July 17, 1930, the plaintiff, among other things, said: "By the time this is received by you the seventh months *rent* will be due. If you will pay what can this month not less than thirty dollars and the same amount on August 20th, I will let the place be yours until the 20 of Sept. At that time I expect you to commence to make payments of $100.00 a month or over per agreement of last June of 1929. I do not intend to let any more interest pile up. If this meets your approval let me know by return mail." On or about August 6, 1930, the defendant mailed a check for $30 to the plaintiff, but did not accompany it with a letter of any kind. In a long letter sent by the defendant to plaintiff on or about August 18, 1930, occur the following passages which throw a peculiar light on his attitude in the matter: "I was away from Helena when your letter of July 17 came but just as soon as I reached Helena I immediately mailed you my check for $30.00 instead of depositing it to your credit at the bank, because I wanted you to endorse the check, so I would have a record and there could be no dispute as to the modification of the agreement entered into June 20, 1929, and my acceptance of the same as contained in your letter of the above date. I did not send a letter with it because I did not have time to reply to your letter in detail and considered the sending of the check the best evidence of accepting your terms modifying the contract of June 20, 1929, and when the check was endorsed by you would complete the record of the transaction. I also felt that further correspondence would serve no good purpose as you had your views and I had mine. I had tried to appeal to your reason before endeavoring to show you that it was to your interest to have the rentals put back into the buildings in the way of repairs so they could be occupied. * * * I hope to have the place filled up again by Sept. 20 when the next payment will come

due of $100 as per your letter of 17 modifying the terms of the contract heretofore entered into. I am sending you herewith my check for $30.00 for the Aug. 20 payment instead of depositing it to your credit at the bank, as per agreement, because this agreement was modified and the bank has no copy and may refuse to accept it, besides it will complete the record. When I get all the repairs completed and the house occupied I will send you more than the amount of $100 stated in the modified agreement on Sept. 20, if possible. I will soon catch up with the payments and resume the $100 per month as agreed upon in your letter of July 17 and everything will be going smooth again. * * * '' Late in July or early in August, 1930, plaintiff instructed his counsel, Raymond T. Nagle, to institute foreclosure proceedings against the defendants.

If it be assumed as a matter of law that the proposal of plaintiff and an unqualified acceptance thereof by defendants in the manner indicated, including a promise to resume the payment of $100 each month, commencing September 20, 1930, could, under the circumstances existing here and without any new consideration moving from the latter to the former, attain the dignity of a binding agreement, it must be held that such an agreement was not consummated. There was no acceptance of the offer by return mail, no acceptance even before suit was brought, and the sum of $30 was not paid in July as the offer required.

It is elementary that, in order to effect a contract, there must be an offer by one party and an unconditional acceptance of it, according to its terms, by the other. (*Glenn* v. *S. Birch & Sons Const. Co.*, 52 Mont. 414, 158 Pac. 834; *Polich* v. *Severson*, 68 Mont. 225, 216 Pac. 785; *J. Neils Lumber Co.* v. *Farmers' Lumber Co.*, 88 Mont. 392, 293 Pac. 288; 13 C. J. 279.)

Where a person makes an offer by mail and requires an answer by return mail, the offer can endure only for a limited time, and the making of it is accompanied by an implied stipulation that the answer shall be sent by return mail. If that

implied stipulation is not satisfied, the person making the offer is released from it. (Sec. 7495, subd. 2, Rev. Codes 1921; *Maclay* v. *Harvey*, 90 Ill. 525, 32 Am. Rep. 35; *Ackerman* v. *Maddux*, 26 N. D. 50, 143 N. W. 147; 13 C. J. 280; 6 R. C. L. 611; 1 Williston on Contracts, sec. 53; Page on the Law of Contracts, sec. 142.)

It is apparent, then, that defendants in the trial of the case utterly failed to prove the allegations of their affirmative defense. It follows, of course, that the burden cast upon them in this court has not been met.

Two or three points touched upon in defendants' brief merit no consideration.

The district court under the law and the evidence was fully justified in reaching the conclusion which it did. The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES ANGST-MAN and MATTHEWS, and HONORABLE JOHN HURLY, District Judge, sitting in place of MR. JUSTICE FORD, J., disqualified, concur.

Rehearing denied November 23, 1932.