## IRVING S. ELLSWORTH
*vs.*
## DOROTHY G. ELLSWORTH

Superior Court . Fairfield County File No. 70130

MEMORANDUM FILED JULY 6, 1945

*Plotnick & Plotnick,* of Stamford, for the Plaintiff.

*Joseph L. Melvin,* of Stamford, for the Defendant.

O'SULLIVAN, J. Somewhat less than two years ago, the defendant obtained in this court a decree of divorce from the present plaintiff. Incorporated in the judgment was an award of alimony. Claiming that he was a nonresident over whom the court had no jurisdiction to enter a judgment *in personam,* Ellsworth has brought this action to modify it by eliminating or holding to be null and void that portion awarding alimony.

The issue is relatively narrow: was he a nonresident when the divorce action was instituted? Although he was not actually present within the State at that time, but on the contrary was in the South, that factor, while significant, is not controlling. There is a distinction between a nonresident and an absent inhabitant or resident. One remains an inhabitant of Connecticut who, though absent in person, has here his home and permanent abiding place.

Ellsworth's absence was of a temporary nature, brought about by the war. That he intended always to return and, while absent, considered himself a resident of Connecticut, is borne out by many factors, some of which follow. On June 9, 1943, for example, he executed a deed wherein he described himself as of Stamford, Connecticut; he applied for a driver's license and an automobile registration in 1943 and in each he stated that his residence was 69 Puritan Lane, Stamford, with a temporary address in Alexandria, Virginia; on leaving for Annapolis where first he went, he left many of his personal belongings in Stamford; he has never voted elsewhere but, on

the contrary, apparently looked up his standing on the registrar's list in Stamford prior to the 1944 election; much of his mail, including dividend checks, was sent to Stamford and he made no effort to have it addressed elsewhere; and since November, 1944, he has, in fact, returned to and is now living in Connecticut.

There is no difficulty in holding that, when the divorce action was instituted, he was a resident of Connecticut though absent at the time.

But even assuming that his status was that of a nonresident, he is not entitled to the relief he seeks. It appears from the file in the divorce action, of which judicial notice may be taken, that judgment was entered on December 9, 1943; that about a month later Mrs. Ellsworth obtained a rule to show cause on February 2nd why her former husband should not be held in contempt for failing to honor the alimony award; that personal service was made on Ellsworth on January 19th; and that on January 30th counsel entered a general appearance for him and this must have been done for the purpose of contesting the motion, which eventually was denied without prejudice.

If it be assumed that the court, in awarding alimony, erroneously attempted to exercise a jurisdiction which the status of Ellsworth as a non-appearing nonresident forbade, this defect, if such it may be called, was cured by the general appearance, for the real weight of authority, and with very minor exceptions, is to the effect that if a judgment has been entered without jurisdiction of the defendant, the defect is cured if he thereafter appears generally and participates in subsequent proceedings. *Balfe vs. Rumsey & Sikemeier Co.*, 55 Colo. 97; 3 *Am. Jur., Appearances*, §37, p. 806.

Enter judgment for the defendant.